WILLIAM F. SANFORD, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5578–66.    Filed September 9, 1968.

*Gabriel T. Pap*, for the petitioner.
*John K. Antholis* and *Powell W. Holly, Jr.*, for the respondent.

---

## OPINION

RAUM, *Judge:* Petitioner, an outside salesman of television-advertising time, claimed $8,853.35 entertainment expenses on Form 2106—"Statement of Employee Business Expenses," which was made part of his 1963 income tax return (Form 1040). This sum, according to petitioner's testimony, represented the cost of luncheons and dinners during 1963 at which petitioner discussed business with "advertising agency people." He was either advanced or reimbursed for the cost of some of those meals by his employer, and the Commissioner does not challenge the propriety of such expenses here. The remaining expenditures, those for which petitioner neither sought nor received reimbursement, were claimed by petitioner as a deduction from his gross income

in the aggregate amount of $5,667.17. The Commissioner disallowed $4,984.31 of this amount, which represents the total of petitioner's alleged nonreimbursed individual expenditures of $25 or more. The Commissioner takes the position that petitioner has not only failed to demonstrate that this disallowed portion in fact represented ordinary and necessary expenses incurred in carrying on his trade or business, but also that, even if a deduction would otherwise be available to petitioner under section 162, I.R.C. 1954, such deduction must be disallowed in view of petitioner's failure to comply with the substantiation requirements of section 274(d) and accompanying regulations. More specifically, the Commissioner contends that petitioner's failure to provide receipts or other acceptable documentary proof of his expenditures of $25 or more establishes that he did not have "adequate records" of those expenditures as required by section 274(d) and accompanying regulations, while petitioner claims that a "diary" maintained by him in which the amounts of all his expenditures for entertainment were recorded, along with other information, was sufficient to meet the "adequate records" requirement, and that the regulations supporting the Commissioner's action are invalid. We hold that, while some of petitioner's claimed expenditures may have been ordinary and necessary in character, he has not complied with the substantiation requirements of section 274(d) and the regulations with respect to his expenditures for entertainment of $25 and over, that the regulations are valid, and that petitioner is not entitled to a deduction for entertainment expenses in excess of that allowed by the Commissioner.

The requirements imposed by section 274 were added to the Internal Revenue Code of 1954 by the Revenue Act of 1962, 76 Stat. 974. They are in addition to the requirements imposed by section 162, and petitioner still has the burden of proving initially that his expenditures were ordinary and necessary expenses, proximately related to his trade or business. H. Rept. No. 1447, 87th Cong., 2d Sess., p. 19 (1962) ; S. Rept. No. 1881, 87th Cong., 2d Sess., p. 27 (1962). Cf. *Welch* v. *Helvering*, 290 U.S. 111. We are by no means convinced that petitioner has carried this initial burden with respect to every expenditure disallowed by the Commissioner. To be sure, petitioner submitted in evidence a "diary," consisting of pages from his desk calendar bound together, which purported to show the time, place, and amount of each of his nonreimbursed expenditures along with the persons entertained, the advertising agencies they represented, and the type of business discussed. But the large number of dinners claimed by petitioner as deductible expenses, approximately three per week, and the fact that the cost of petitioner's entertainment at luncheons was usually reimbursed by his employer, along with a relatively small number of dinners, suggests that at least some of his claimed nonreimbursed expenses

may have been personal in nature. Certainly, the fact that petitioner may have entertained "advertising agency people" at these dinners is not conclusive of the business character of the meals, for at least some of these people may also have been personal friends of petitioner, and the business aspects of the occasion may have been minimal or wholly nonexistent. While the general type of business conversation which supposedly took place at each of these meals was indicated in the "diary" by means of a "code" (for example, the letter "A" next to an expenditure meant that the discussion supposedly involved "Review of advertising programs for agency's account"), petitioner never revealed the specific account discussed, though it was his customary practice to identify the particular account involved in supporting an expenditure which he submitted to his employer for reimbursement. Similarly, though petitioner tesified that he usually turned in receipts to his employer when requesting reimbursement of expenditures, he kept no receipts of his nonreimbursed expenses. Finally, petitioner's testimony that he often did not record the information relating to his nonreimbursed expenses until some days after they were incurred, and the fact that he had no documentary proof to support his entries, casts some doubt upon their accuracy. Taking the view most charitable to petitioner, faulty recollection may account for the fact that his "diary" records that he incurred a dinner expense at $38.18 at a Chicago [2] restaurant on November 8, 1963, when, according to the information on an expense account voucher (including a receipted hotel bill) submitted to his employer, he was in New York during the period November 7 through November 10, 1963.

Nevertheless, though petitioner's proof was deficient in some important respects and left us with the definite impression that the amount of entertainment expenses claimed by him was excessive, this might have been an appropriate case for application of the rule of *Cohan* v. *Commissioner*, 39 F.2d 540 (C.A. 2), and we might have made an approximation of petitioner's allowable expenses were it not for section 274(d). That subsection, however, provides, in part, that "*no* deduction shall be allowed—"

(2) for any item with respect to an activity which is of a type generally considered to constitute entertainment * * *

*　　*　　*　　*　　*　　*　　*

unless the taxpayer substantiates by *adequate records* or by *sufficient evidence* corroborating his own statement (A) the amount of such expense * * * (B) the time and place of the * * * entertainment * * * (C) the business purpose of the expense * * *, and (D) the business relationship to the taxpayer of persons entertained * * *. The Secretary or his delegate may by regulations pro-

---

[2] The restaurant was identified by code in the diary, and petitioner's testimony establishes to our satisfaction that all the restaurants set forth therein were in the Chicago area.

vide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations.

[Emphasis supplied.]

Under this provision, a taxpayer must substantiate every expenditure claimed as a deduction by either "adequate records" *or* other "sufficient evidence," for such expenditures as are not thus substantiated will be disallowed *in full.*

As the House and Senate committee reports make abundantly clear, section 274(d) was "intended to overrule, with respect to * * * [entertainment] expenses, the so-called *Cohan* rule." Where, under *Cohan,* a court was not only permitted but required to make as close an approximation as it could when the evidence indicated that a taxpayer had incurred deductible expenses but their exact amount could not be determined, under section 274(d), "the entertainment, etc., expenses in such a case * * * [will] be disallowed entirely." H. Rept. No. 1447, *supra* at 23; S. Rept. No. 1881, *supra* at 35. Our opinion that petitioner has failed to substantiate his expenditures of $25 and over in the manner contemplated by the statute thus compels the conclusion that the Commissioner correctly disallowed a deduction for all such expenditures.

Terms such as "adequate" and "sufficient" obviously contemplate and require further elucidation, and the regulations promulgated under section 274(d) spell out their meaning in a carefully detailed explanation of the substantiation rules. Supported not only by the general rule-making power under section 7805 of the 1954 Code, but also by the specific provisions of section 274(h)[3] and the last sentence of section 274(d), *supra,* the Commissioner has promulgated regulations which provide in part as follows:

Section 1.274-5(c) *Rules for substantiation*—

\* \* \* \* \* \* \*

(2) *Substantiation by adequate records*—(i) *In general.* To meet the "adequate records" requirements of section 274(d), *a taxpayer shall maintain an account book, diary,* statement of expense or similar record (as provided in subdivision (ii) of this subparagraph) *and documentary evidence* (as provided in subdivision (iii) of this subparagraph) *which, in combination, are sufficient to establish each element of an expenditure* specified in paragraph (b)[4] of this section. \* \* \*

\* \* \* \* \* \* \*

(iii) *Documentary evidence. Documentary* evidence, *such as receipts, paid bills, or similar evidence sufficient to support an expenditure shall be required* for—

(a) Any expenditure for lodging while traveling away from home, and

---

[3] SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES.

(h) REGULATORY AUTHORITY.—The Secretary or his delegate shall prescribe such regulations as he may deem necessary to carry out the purposes of this section, \* \* \*

[4] The elements specified in par. (b) are: (1) Amount, (ii) Time, (iii) Place, (iv) Business purpose, and (v) Business relationship.

(b) *Any other expenditure of $25 or more*, except, for transportation charges, documentary evidence will not be required if not readily available.

provided, however, that the Commissioner, in his discretion, may prescribe rules waiving such requirements in circumstances where he determines it is impracticable for such documentary evidence to be required. Ordinarily, documentary evidence will be considered adequate to support an expenditure if it includes sufficient information to establish the amount, date, place, and the essential character of the expenditure. For example, a hotel receipt is sufficient to support expenditures for business travel if it contains the following: name, location, date, and separate amounts for charges such as for lodging, meals, and telephone. Similarly, a restaurant receipt is sufficient to support an expenditure for a business meal if it contains the following: name and location of the restaurant, the date and amount of the expenditure, and, if a charge is made for an item other than meals and beverages, an indication that such is the case. A document may be indicative of only one (or part of one) element of an expenditure. Thus, a cancelled check, together with a bill from the payee, ordinarily would establish the element of cost. In contrast, a cancelled check drawn payable to a named payee would not by itself support a business expenditure without other evidence showing that the check was used for a certain business purpose.

[Emphasis supplied.]

Thus, an "adequate" record of an expenditure is defined as an entry in an account book, diary, or similar record, made "at or near the time of the expenditure," and documentary evidence such as a receipt, paid bill, or similar evidence (unless the expenditure is less than $25), which in combination are sufficient to establish each of the elements of the expenditure (amount, time, place, business purpose, and business relationship) for which substantiation is required by section 274(d). Moreover, in the absence of "adequate records," section 1.274–5(c)(3), Income Tax Regs., provides that the taxpayer may alternatively satisfy the substantiation requirements by coming forward with "corroborative evidence sufficient" to support his own statement containing specific information in detail as to each element of the expenditure, or such elements as have not been substantiated by adequate records. And these provisions go on to state that where the unsubstantiated element is the cost, time, place, or date of the expenditure "the corroborative evidence shall be direct evidence, such as a statement in writing or oral testimony of persons entertained or other witness." Less stringent rules are provided, however, where the taxpayer is able to show that, because of the inherent nature of the situation in which the expenditure was made, he was unable to meet either the "adequate records" or the alternative "sufficient evidence" requirements, or where his failure to produce adequate records is due to the loss of such records through circumstances beyond his control. Sec. 1.274–5(c)(4) and (5), Income Tax Regs.

In the present case, it is clear that petitioner has failed to substantiate his claimed expenditures for entertainment in excess of $25 by either "adequate records" or other "sufficient evidence" as those terms

are defined in the regulations. Petitioner had no receipts or other documentary evidence to support his diary entries, establishing the amount, time, and place of these items; accordingly, his records cannot be considered "adequate." And he produced no direct evidence such as the testimony of the persons entertained by him, to corroborate his allegation that such expenditures were made in the amounts and at the times and places recorded in his "diary," which precludes him from relying upon the "sufficient evidence" method of substantiation. Moreover, there does not appear to be any valid reason why receipts for these claimed expenditures, incurred for luncheons and dinners at various restaurants, could not have been requested and preserved by petitioner. In fact, petitioner testified that he could have obtained receipts for these expenditures, and indeed often did so when he sought reimbursement of a particular expenditure from his employer. It would have been no more burdensome to comply with the Commissioner's regulations than with the requirements or expectations of his employer.

The only reason suggested for his failure to obtain or retain receipts for unreimbursed entertainment expenses of $25 or more was the advice of his lawyer, which appears to have been based on the lawyer's conclusion that the regulations were invalid. That the regulations plainly support the Commissioner's position [5] is not disputed, and, in our judgment, they are clearly valid. Petitioner ignored them at his peril.

In arguing that the regulations are contrary to law, petitioner's counsel points out that section 274(b) places a $25 limit on deductible business gifts, that no such limit was prescribed by statute in connection with deductible entertainment expenses, and he contends that the Commissioner's regulations here under consideration were therefore unauthorized. The point is without merit. The regulations do not, first of all, flatly disallow a deduction for entertainment expenditures above $25 as does section 274(b) in connection with business gifts; to the contrary, they merely provide that the documentary proof ordinarily required as part of an "adequate record" of an expenditure need not be obtained in the case of expenditures below $25. Moreover, Congress deliberately refused to fix any dollar limit in connection with the substantiation requirements of section 274(d), involved herein, and expressly left the matter to be governed by regulations. After

---

[5] In addition to the regulations, the requirement for supporting documentary evidence was pointedly called to petitioner's attention in Form 2106 which accompanied the return signed by him, wherein it was prominently stated in large black type in a boxed paragraph captioned "IMPORTANT NOTICE" that:

New rules on proof of deductions for travel, entertainment, and gift expenses are now in effect. * * * Estimates are not acceptable; and (3) Records must be supported by receipts, paid bills or similar substantiating evidence for expenditures of $25 or more * * *

outlining the substantiation requirements, Congress in the last sentence of section 274(d) explicitly provided:

The Secretary or his delegate may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations.

This conferred ample authority to draw the line at $25.

Nor is there any compelling reason to disapprove these regulations because they require that diary entries be corroborated by documentary proof such as receipts. The history of the underlying statutory provisions, demonstrating the potential for abuse in the case of entertainment expenses,[6] makes it plain that a taxpayer must "clearly establish his right to the deduction by proof other than his own statements which may largely be self-serving." 108 Cong. Rec. 18077. See also *John L. Ashby*, 50 T.C. 409, 415. And in S. Rept. No 1881, 87th Cong., 2d Sess., p. 35, it was stated that "Generally, the substantiation requirements of the bill contemplate more detailed recordkeeping than is common today in business expense diaries." To be sure, these words were followed by the further statement that "a clear, contemporaneously kept diary or account book containing information with respect to the date, amount, nature and business purpose of the expense may constitute an adequate record under this provision." But the import of this statement is left in doubt when one finds a substantially identical statement in the more detailed "Technical Explanation of The Bill" in the same committee report, which in turn is immediately qualified by the following language (p. 174):

However, receipts, cancelled checks, paid bills, stubs, or other similar records may be required in certain cases, as, for example, to substantiate the amount expended for lodging and transportation while traveling on business.

Cf. H. Rept. No. 1447, 87th Cong., 2d Sess., p. A32. This suggests that "receipts, cancelled checks, paid bills, stubs, or other similar records" may be required for larger expenditures like lodging and transportation. At best, from petitioner's point of view, the committee reports are inconclusive in this respect, and we must conclude that in appropriate cases, involving larger expenditures, there was no intention to preclude the Commissioner from demanding that diary entries (self-serving statements) be supported by corroborating documentary evidence. Certainly, the Commissioner had some discretion in

---

[6] See generally Hearings Before House Committee on Ways and Means on the Tax Recommendations of the President Contained in His Message Transmitted to the Congress, Apr. 20, 1961, 87th Cong., 1st Sess., pp. 133–215 (Treasury Department's "Study on Entertainment Expenses", April 1961). One of the major abuses brought to the attention of Congress in the travel and entertainment area, the tendency of some taxpayers to overstate the true amount of their expenses, could only be satisfactorily corrected by requiring some independent verification of expenditures, such as receipts or other documentary evidence. See Hearings, pp. 155–156.

where to draw the line, and we cannot say that he abused his authority in fixing it at $25 for all entertainment expenses.

Moreover, nothing in the plain language of the statute is inconsistent with the regulations and we must take heed of the Supreme Court's admonition that "Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes and that they constitute contemporaneous constructions by those charged with administration of these statutes which should not be overruled except for weighty reasons." *Commissioner* v. *South Texas Co.*, 333 U.S. 496, 501. See also *Fawcus Machine Co.* v. *United States*, 282 U.S. 375, 378; *Boske* v. *Comingore*, 177 U.S. 459, 470; *Brewster* v. *Gage*, 280 U.S. 327, 336; *Textile Mills Corp.* v. *Commissioner*, 314 U.S. 326, 336–339; *Colgate Co.* v. *United States*, 320 U.S. 422, 426. Here, the Secretary or his delegate had authority to promulgate regulations clarifying the substantiation requirements of section 274(d) and its ambiguous terms such as "adequate" records and "sufficient" evidence, not only under the general rule-making power granted in section 7805, I.R.C. 1954, but also under the mandate of section 274(h), which provides that "The Secretary or his delegate shall prescribe such regulations as he may deem necessary to carry out the purposes of this section." This gives "added reasons why interpretations of the Act and regulations under it should not be overruled by the courts unless clearly contrary to the will of Congress." *Commissioner* v. *South Texas Co.*, 333 U.S. 496, 503. Far from being contrary to the will of Congress, we think the regulations under consideration reflect a faithful observance of the congressional intent.

The regulations setting forth the substantiation rules and incorporating the requirement of documentary proof were first proposed on November 8, 1962, 27 Fed. Reg. 10894 (which proposal required documentary proof of expenditures of *$10* or more), and was adopted in its present form on December 27, 1962 (T.D. 6630), sec. 1.274–5, Income Tax Regs., so that it was available to petitioner throughout the year 1963 here in issue. The Internal Revenue Service, in two published revenue procedures, allowed taxpayers a grace period until March 31, 1963, extended to July 31, 1963, in which to conform their accounting systems to the requirements of the new regulations if their accounting systems already conformed to the requirements of Rev. Rul. 60–120, 1960–1 C.B. 83, and if "good faith efforts" were made to comply with the new requirements in the interim. Rev. Proc. 63–3, 1963–1 C.B. 473; Rev. Proc. 63–18, 1963–1 C.B. 506–507. The Commissioner has not, however, relaxed his application of the documentary proof requirement in petitioner's case with respect to any of the expenditures of $25 or more incurred by petitioner during 1963, and we will not disturb his determination in this matter. An obvious reason for refusing to extend the benefits of these

revenue procedures to petitioner, assuming them to be otherwise applicable, is the lack of any showing of "good faith efforts" on petitioner's part during the first 7 months of 1963, or the remaining 5 months for that matter, to obtain receipts, particularly in view of the fact that he did obtain receipts for his employer when applying for reimbursement.

Finally, petitioner has made some reference to section 274(e), but those provisions have no bearing on section 274(d), involved herein. In general, section 274 as a whole provides for the disallowance of certain types of deductions, whereas subsection (d) spells out the substantiation requirements that must be met where the deduction is otherwise allowable. Subsection (e) lists certain *exceptions to subsection (a)*, which deals with the disallowance of specified entertainment, amusement or recreation deductions, and one of those exceptions is found in paragraph (1) of subsection (e) dealing with "business meals." Thus, (e)(1) makes clear that subsection (a) may not be relied upon to disallow deductions for "business meals" that qualify under (e)(1). But nothing in (e) relieves the taxpayer of complying with the *substantiation* requirements of (d), which come into play only with respect to deductions otherwise allowable. The committee reports make clear that even though an expenditure is covered by one of the exceptions to (a), the "substantiation requirements" must nevertheless "be fulfilled." H. Rept. No. 1447, 87th Cong., 2d Sess., p. A33. See also S. Rept. No. 1881, 87th Cong., 2d Sess., p. 36 ("the new substantiation requirements * * * will have to be satisfied with respect to any such expense"). The same thought is set forth in section 1.274-5(a)(2), Income Tax Regs., which explicitly states that the substantiation requirements must be met in connection with any expense for entertainment, amusement, or recreation "including the items specified in section 274(e)." There is no merit to petitioner's argument based upon section 274(e).

Reviewed by the Court.

*Decision will be entered for the respondent.*