Claude M. Davis and Elizabeth Davis v. Commissioner.
Davis v. Commissioner
Docket No. 5529-67.
United States Tax Court
T.C. Memo 1969-74; 1969 Tax Ct. Memo LEXIS 224; 28 T.C.M. (CCH) 428; T.C.M. (RIA) 69074; April 16, 1969, Filed *224 Held, petitioners have not sustained their burden of proving that the respondent erred in disallowing a portion of the entertainment and automobile expenses claimed as business deductions in each of the years involved, except 1962 in which year the respondent did not disallow any automobile expenses. *225 Claude M. Davis, pro se, Cherokee Blvd., Elizabethtown, Ky. W. Gerald Thornton, for the respondent. 429 BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined deficiencies in the income taxes of the petitioners as follows: Year
Deficiency
1962
$484.80
1963
470.66
1964
326.51
1965
734.48
One adjustment involving the disallowance of $350 for rental expense for the year 1962 was not placed in issue by petitioners. The only issue to be determined is whether petitioners have sustained their burden *226 of proving that the respondent erred in disallowing a portion of the entertainment and automobile expenses claimed as business deductions in each of the years involved, except 1962 in which year the respondent did not disallow any automobile expenses. Findings of Fact Claude M. Davis, hereinafter sometimes referred to as petitioner, and his wife, Elizabeth Davis, resided in Elizabethtown, Kentucky during the years involved and at the time the petition herein was filed. They filed joint Federal income tax returns for the years 1962, 1963, 1964 and 1965 with the district director of internal revenue at Louisville, Kentucky. During the years in issue, petitioner was engaged in the insurance business as a representative of the John Hancock Life Insurance Company. He conducted his insurance business under the name Davis Insurance Agency and maintained an office in Radcliff, Kentucky, approximately 13 miles from Elizabethtown. His insurance business operations centered around the towns of Elizabethtown, Radcliff, Vine Grove and Fort Knox, Kentucky. Fort Knox is approximately 20 to 25 miles from Elizabethtown and Radcliff and Vine Grove lie in between the two. Entertainment expenses *227 were claimed by petitioners on their returns, allowed by the respondent and disallowed by the respondent in amounts as follows: Year
Claimed
Allowed
Disallowed
1962
$2,624.46
$ 770.79
$1,853.47
1963
2,000.30
662.14
1,338.16
1964
2,435.00
1,474.17
960.83
1965
2,837.00
1,325.51
1,511.49
In a statement attached to the deficiency notice the respondent explained the above disallowances as follows: "because it has not been established that any greater amount constitutes an ordinary and necessary business expense, or was expended for the designated purpose. See section 162 of the Internal Revenue Code." Petitioner arrived at the above claimed amounts for entertainment by taking the cash receipts and cancelled checks he had retained and adding thereto an estimated seven to ten dollars for each policy written. The respondent, in arriving at the disallowed amounts, disallowed all of the estimated amounts plus 25 percent of the so-called "substantiated" amounts. At the trial petitioners offered no documentary evidence of any kind other than copies of their income tax returns. Automobile expense was claimed by petitioners *228 on their returns, allowed by the respondent and disallowed by the respondent in amounts as follows: Year
Claimed
Allowed
Disallowed
1962
$1,371.38
$1,371.38
None
1963
1,990.00
1,188.80
$ 801.20
1964
2,805.00
1,188.80
1,616.20
1965
2,851.00
1,188.80
1,662.20
In a statement attached to the deficiency notice the respondent explained the above disallowances as follows: "because it has not been established that any greater amount constitutes an ordinary and necessary business expense, or was expended for the designated purpose. See section 162 of the Internal Revenue Code." Petitioner arrived at the above claimed amounts for automobile expense by estimating that he drove 22,000 miles in 1963, 33,643 miles in 1964, and 34,300 miles in 1965, and by deducting 10 cents per mile for the first 15,000 miles and 7 cents per mile for the balance. Petitioner did not keep a diary or any type record for his business travel and made no allowance in his computation for commuting between his residence in Elizabethtown and his office in Radcliff, a distance of about 13 miles. The respondent determined that during the years 1963, 1964 *229 and 1965, petitioner drove approximately 21,888 miles and that approximately 10,000 of those miles were for personal usage, leaving approximately 11,888 miles for business. He further determined that petitioner was only entitled to deduct 10 cents per mile on the 11,888 miles for each of the three years in question. At the trial petitioners offered no documentary mentary evidence of any kind other than copies of their income tax returns. Prior to the issuance of the deficiency notice a revenue agent came to petitioner's office and checked over the records petitioner had in the way of cancelled checks, 430 deposits and the operation of petitioner's business in general. After spending approximately three weeks in petitioner's office, the agent apparently accepted petitioners' returns except for one $350 item not here in dispute. About two to three weeks later the agent returned to continue his examination, which resulted in the deficiencies herein determined. Opinion The only issue to be determined has previously been stated. It is whether petitioners have sustained their burden [1] of proving that the respondent erred in disallowing a portion of the entertainment and automobile *230 expenses claimed as business deductions in each of the years involved, except in 1962, in which year the respondent did not disallow any automobile expenses. It is our opinion, finding and holding that petitioners have not met their burden.
The applicable statutes [2] are sections 162, [3]262, [4] and 274.[5] Until and through 1962, the allowance of a deduction for a trade or business expense was generally governed by the "ordinary and necessary" standards found in section 162. Since that time, a new and more restrictive section (section 274) has been superimposed upon section 162 for "certain entertainment, etc., expenses." [6] Accordingly, a taxpayer still has the burden of proving initially that his expenditures are ordinary and necessary business expenses. William F. Sanford, 50 T.C. 823; Robert H. Alter, 50 T.C. 833; Walter L. Woodward, 50 T.C. 982, 992-994; Wm. Andress, Jr., 51 T.C. -, (February 27, 1969).
*231 The new and detailed substantiation requirements prescribed by and imposed under section 274(d) are set forth in Income Tax Regs., section 1.274-5, in part, as follows: § 1.274-5 Substantiation requirements. (a) In general. No deduction shall be allowed for any expenditure with respect to - * * * 431 (2) Any activity which is of a type generally considered to constitute entertainment * * * unless the taxpayer substantiates such expenditure as provided in paragraph (c) of this section. This limitation supercedes with respect to any such expenditure the doctrine of Cohan v. Commissioner (C.C.A. 2d 1930) 39 F. 2d 540. The decision held that, where the evidence indicated a taxpayer incurred deductible travel or entertainment expenses but the exact amount could not be determined, the court should make a close approximation and not disallow the deduction entirely. Section 274 (d) contemplates that no deduction shall be allowed a taxpayer for such expenditures on the basis of such approximations or unsupported testimony of the taxpayer. * * * (b) Elements of an expenditure - (1) In general. * * * (3) Entertainment in general. Elements *232 to be proved with respect to an expenditure for entertainment are - (i) Amount. Amount of each separate expenditure for entertainment, except that such incidental items as taxi fares or telephone calls may be aggregated on a daily basis; (ii) Time. Date of entertainment; (iii) Place. Name, if any, address or location, and designation of type of entertainment, such as dinner or theater, if such information is not apparent from the designation of the place; (iv) Business purpose. Business reason for the entertainment or nature of business benefit derived or expected to be derived as a result of the entertainment and, except in the case of business meals described in section 274(e)(1), the nature of any business discussion or activity; (v) Business relationship. Occupation or other information relating to the person or persons entertained, including name, title, or other designation, sufficient to establish business relationship to the taxpayer. * * * (c) Rules for substantiation - (1) In general. A taxpayer must substantiate each element of an expenditure (described in paragraph (b) of this section) by adequate records or by sufficient evidence corroborating his own statement *233 * * * Petitioner did not offer any of this required proof at the trial. No stipulation of facts was introduced. Petitioner appeared pro se. He stated at the trial that he could not afford an attorney. Every opportunity was afforded the petitioner at the trial to prove petitioners' case. A three-page brief has been filed by petitioners but no reply brief. In this short brief petitioners contend that the deficiencies were arrived at arbitrarily, and stress the fact that the agent who examined petitioners' records and who at first had apparently accepted petitioners' returns as filed, except for a disallowable rental expense of $350, later returned and made a further examination which resulted in the deficiencies here in question. However, no evidence was introduced to show that the examination by the revenue agent was at all improper or out of line with section 7605 captioned "Time and Place of Examination." A substantial portion of the entertainment expenses claimed have been allowed by the respondent. Of the total claimed for the four years of $9,896.76, the respondent has allowed $4,232.61, or over 42 percent. We have no evidence that would justify us in allowing under the Cohan *234 [7] rule for the year 1962 any greater amount than was allowed by the respondent; and the Cohan doctrine is prohibited as to the later years. Petitioner also contends that he had expenses averaging $7 to $10 per life insurance policy written, which was over and above the amounts of entertainment expense he is able to show through written evidence since the bulk of his entertaining of business clients occurs on the Fort Knox Military Reservation where receipts are not always available. In their brief petitioners say: The bulk of the petitioner's business entertaining is done on the Fort Knox Military Reservation and in the Officer and NCO Clubs. Since the petitioner is not allowed to be a member of these clubs he is not allowed to even spend cash in them. For this reason all money spent by the petitioner on these occasions has been spent through the individual being entertained since this individual would be a member of the club. If petitioners mean by this statement that petitioner reimbursed the club member no evidence was introduced along that line. The contention that petitioner had expenses averaging $7 to $10 per *235 life insurance policy is a pure uncorroborated estimate entitled to no weight as evidence required by section 274(d). 432 The allowance of deductions is a matter of legislative grace. A taxpayer must show that he comes within the terms of a statute in order to be entitled to a deduction. New Colonial Ice Co. v. Helvering, 292 U.S. 435. This petitioners have not done. We, therefore, hold petitioners are not entitled to any more entertainment expense than the amounts allowed by the respondent. As far as the automobile expenses are concerned the issue is narrowed to the number of miles petitioner drove during the years 1963, 1964 and 1965, and the allocation thereof between business and pleasure. For these three years petitioner claims he drove 89,943 miles, all for business. Respondent determined that petitioner drove only 21,888 miles each year and that 10,000 of those miles were for pleasure, not deductible under section 262. Petitioner commuted each day between his residence in Elizabethtown and his office in Radcliff, a distance of about 13 miles. Section 1.262-1, Income Tax Regs. provides that "The taxpayer's costs of commuting to *236 his place of business or employment are personal expenses and do not qualify as deductible expenses." Petitioner has offered no evidence to show error in the respondent's disallowance of automobile expenses. After a careful consideration of the entire record we find and hold that petitioners have not sustained their burden of proving that respondent erred in disallowing a portion of the entertainment and automobile expenses here in question. Decision will be entered for the respondent. Footnotes
1. The determination of the respondent is presumed to be correct and the burden of proof to show error therein is upon petitioners. Rule 32, Tax Court Rules of Practice; Welch v. Helvering, 290 U.S. 111↩ (1933).
2. All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated. ↩
3. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * * * * * ↩
4. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses. ↩
5. SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. (a) Entertainment, Amusement, or Recreation. - (1) In general. - No deduction otherwise allowable under this chapter shall be allowed for any item - (A) Activity. - With respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, unless the taxpayer establishes that the item was directly related to, or, in the case of an item directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), that such item was associated with, the active conduct of the taxpayer's trade or business, or (B) Facility. - With respect to a facility used in connection with an activity referred to in subparagraph (A), unless the taxpayer establishes that the facility was used primarily for the furtherance of the taxpayer's trade or business and that the item was directly related to the active conduct of such trade or business, and such deduction shall in no event exceed the portion of such item directly related to, or, in the case of an item described in subparagraph (A) directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), the portion of such item associated with, the active conduct of the taxpayer's trade or business. * * * (d) Substantiation Required. - No deduction shall be allowed. - (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary or his delegate may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations. ↩
6. See H. Rept. No. 1447, 87th Cong., 2d Sess. (1962-3 C.B. 405, 423-430); S. Rept. No. 1881, 87th Cong., 2d Sess. (1962-3 C.B. 707, 730-744); and Income Tax Regs., sections 1.274-1↩ through 1.274-8 (26 pages).
7. Cohan v. Commissioner, 39 F. 2d 540↩.