Silas W. Hennessey, Jr., and Kathleen W. Hennessey v. Commissioner.
Hennessey v. Commissioner
Docket No. 3005-67.
United States Tax Court
T.C. Memo 1969-209; 1969 Tax Ct. Memo LEXIS 85; 28 T.C.M. (CCH) 1108; T.C.M. (RIA) 69209; October 9, 1969. Filed Kathleen W. Hennessey, for the petitioners. Stephen E. Silver, for the respondent. FAY
Memorandum Opinion FAY, Judge: Respondent has determined a deficiency of $629.34 in petitioners' income tax for the taxable year 1965. The sole issue for decision is whether petitioners are entitled to *86 deduct certain unsubstantiated expenditures as traveling expenses incurred while away from home. All of the facts were stipulated and are found accordingly. Petitioners, Silas W. Hennessey, Jr., and Kathleen W. Hennessey, were husband and wife during the taxable year in question. They resided in Huntsville, Alabama, at the time they filed their petition in this case. For the calendar year 1965, petitioners filed a joint Federal income tax return with the district director of internal revenue, Seattle, Washington. Kathleen W. Hennessey is a petitioner in this case only because she filed a joint return with her husband. Hereinafter only Silas W. Hennessey, Jr., will be referred to as petitioner. During the year 1965, petitioner was employed by the Boeing Company (hereinafter referred to as Boeing). Prior to March 25, 1965, petitioner was stationed in New Orleans, Louisiana. During that time he resided in a rented house in Bay St. Louis, Mississippi. On March 25, 1965, petitioner was temporarily reassigned by Boeing to Huntsville, Alabama, where he worked until October 5, 1965, at which time he returned to New Orleans. For the balance of 1965 petitioner remained in New Orleans. *87 From March 25, 1965, until April 15, 1965, petitioner resided in the house of one of his friends in Huntsville. On April 15, 1965, he moved into a motel. On May 1, 1965, he again moved, this time to an apartment. Boeing paid petitioner a total of $2,015 as his allowance for meals and lodging while he was temporarily stationed in Huntsville. On his Federal income tax return for the taxable year 1965, petitioner deducted $4,875 as travel expenses incurred while away from home, attributable to his 195-day stay in Huntsville during that year. This amount represents $25 per day for the 195-day period of petitioner's stay in Huntsville during his taxable year 1965. 1109 Respondent has disallowed this deduction to the extent of $2,860, representing the difference between the amount claimed as a deduction and the per diem allowance of $2,015 paid by petitioner's employer. The stated basis of respondent's disallowance was that such disallowed expenses were not substantiated as required by section 274 [1] and the regulations thereunder. The sole issue for determination is whether *88 the claimed traveling expenses in excess of amounts for which petitioner was paid by his employer in the form of per diem allowance are deductible by petitioner. Section 274(d) provides that no deduction shall be allowed under section 162 for any traveling expense unless the taxpayer substantiates by adequate records or sufficient evidence corroborating his own statement, among other things, the amount of such expense. Petitioner has made no attempt to substantiate his claimed expenses. Thus, his claimed expenses in excess of the amount of his per diem allowance must be disallowed as a deduction under section 274(d) unless such expenses are deemed substantiated. Section 1.274-5(f) of the Income Tax Regs. was promulgated pursuant to section 274(d), which provides: The Secretary or his delegate may by regulations provide that some or all of the requirements of [this section] shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations. In addition, section 274(h) authorizes the Secretary or his delegate to prescribe such regulations as he may deem necessary to carry out the purposes of that section. *89 Section 1.274-5(f), Income Tax Regs., reads: The Commissioner may, in his discretion, prescribe rules under which - (1) Reimbursement arrangements covering ordinary and necessary expenses of traveling away from home (exclusive of transportation expenses to and from destination), (2) Per diem allowances providing for ordinary and necessary expenses of traveling away from home (exclusive of transportation costs to and from destination), * * * will, if in accordance with reasonable business practice, be regarded as equivalent to substantiation by adequate records or other sufficient evidence for purposes of paragraph (c) of this section of the amount of such traveling expenses and as satisfying, with respect to the amount of such traveling expenses, the requirements of an adequate accounting to the employer for purposes of paragraph (e)(4) of this section. * * * Rev. Rul. 63-13, 1963-1 C.B. 69, was issued pursuant to such authority and prescribes the requirements which must be satisfied before an item of expense is deemed substantiated. It provides that reimbursed expenses or per diem allowances not exceeding $25 per day are to be deemed *90 substantiated "if the employer reasonably limits payment of such travel expenses to those which are ordinary and necessary in the conduct of his trade or business." It is entirely clear from the statutory and regulatory authority cited above that expenses in excess of the amounts paid by a taxpayer's employer are not deemed substantiated and must therefore be corroborated as prescribed by section 1.274-5(c), Income Tax Regs.
Nevertheless, petitioner contends that he ought to be permitted to deduct $25 per day without substantiating his expenditures in that amount because Rev. Rul. 63-13 is invalid by reason of its discrimination against taxpayers who are not fully reimbursed by their employers. The logic of petitioner's argument eludes us. Even if we were to accept petitioner's bald assertion that Rev. Rul. 63-13 is discriminatory and arbitrary, we would be powerless to grant a deduction for unsubstantiated expenses since that is solely within the province of the Commissioner under section 274(d). The authority granted to the Commissioner in section 274(d) to prescribe a dollar amount below which substantiation is not required *91 was exercised only to the limited extent provided in section 1.274-5(f), Income Tax Regs. That regulation relieves a taxpayer of the burden of substantiating expenses amounting to less than $25 per day only if such amounts are paid by the taxpayer's employer. In fact, however, there is no substance whatsoever to petitioner's allegation that the aforementioned regulation and ruling are discriminatory. Rev. Rul. 63-13 does not arbitrarily "grant to selected taxpayers 1110 exemption from substantiation of expenses and withhold such exemption from others," as petitioner claims. It merely deems certain expenses substantiated by reason of the corroborating evidence provided by the employer's payment thereof. This rule is predicated upon the employer's maintenance of adequate internal audit controls, such as requiring an employee's expense account to be verified and approved by a responsible person other than the employee incurring the expense. Such corroboration is lacking in the case of expenditures in excess of in case of expenditures in excess of reimbursed amounts of per diem allowances. Therefore, such expenses cannot properly be deducted *92 without substantiation. It should further be noted that quite apart from petitioner's failure to substantiate his claimed expenses, for more fundamental reasons his position in this case must be rejected. Petitioner has conceded in his petition ignorance of the amount of his expenses incurred during his travels. Moreover, the $25 per day claimed as a deduction is not alleged to be a reasonable estimate of such expenses. Instead, petitioner argues that taxpayers ought to be granted a flat $25 per day deduction for trips away from home whether or not they in fact know the amount of their expenses. Section 162 permits a deduction only for actual expenses incurred. That section requires, at a minimum, a statement by the taxpayer that the amount claimed as a deduction constitutes a reasonable estimate of his actual expenses. [2] In this case petitioner has made no such assertion. *93 Accordingly, the deficiency asserted by respondent must be sustained. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩
2. Even under the rule of Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930), which reigned prior to the enactment of sec. 274, a reasonable estimate of taxpayer's entertainment expenses was required. See also William F. Sanford, 50 T.C. 823 (1968), affd. per curiam 412 F. 2d 201↩ (C.A. 2, 1969). Sec. 274 added the requirement that a taxpayer's own statement as to his expenses be corroborated by sufficient evidence.