Lawrence G. Farragut v. Commissioner.
Farragut v. Commissioner
Docket No. 2991-69 SC.
United States Tax Court
T.C. Memo 1970-22; 1970 Tax Ct. Memo LEXIS 333; 29 T.C.M. (CCH) 66; T.C.M. (RIA) 70022; February 3, 1970, Filed. Lawrence G. Farragut, pro se, 1821 E. Third St., Brooklyn, N. Y. , Michael A. Menillo, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $471.73 in petitioner's Federal income tax for the year 1966. The only question presented is whether the petitioner is entitled to deduct certain employee business expenses in excess of the amount allowed by respondent in his notice of deficiency. Petitioner alleges that respondent erred in disallowing: Auto Insurance & Travel
$ 513.21
Entertainment
1,406.09
Salesmen's Guild Dues
118.00
Gifts and Xmas
92.15 Respondent conceded at the trial that petitioner has substantiated an additional $51 for automobile *334 rental and gas. Findings of Fact Lawrence G. Farragut (herein called petitioner) was a resident of Brooklyn, New York, at the time he filed his petition herein. His individual Federal income tax return for the year 1966 was filed with the district director of internal revenue in Brooklyn. During the first four months of 1966 the petitioner was employed by David E. Gotlieb, Inc. From May through August he was unemployed, and from September through December he was employed by Anne Bloom, Inc., as a salesman. On his Federal income tax return for 1966 petitioner reported gross income of $6,634.22. He claimed "Employee Business Expenses" of $3,553.52. Respondent disallowed $2,388.09 of the amount claimed because such expenses were not substantiated. In January 1966 the petitioner made a trip to California at his own expense. He listed most of his expenses on that trip as "entertainment," although they were "a conglomeration of hotel bills, some cleaning bills, car rentals, etc." Petitioner did not produce any checks, receipts or other records to substantiate any of his claimed expenditures, including the additional amounts he said he paid out for dues and Christmas gifts. Opinion
*335 This is a factual issue. Petitioner has the burden of proving error in respondent's determination. Rule 32, Tax Court Rules of Practice. He has failed to do so. With respect to the traveling, entertainment and gift expenses, petitioner has not shown that they were ordinary and necessary expenses incurred in the conduct of his trade or business. In addition, he has not complied with the substantiation requirements of section 274(d), Internal Revenue Code of 1954, and section 1.274-5, Income Tax Regs. See William E. Sanford, 50 T.C. 823 (1968), affirmed per curiam 412 F. 2d 201 (C.A. 2, 1969), certiorari denied 396 U.S. 841 (1959). S. Rept. No. 1881, 87th Cong., 2d Sess., (1962), pp. 34-35, contains the following explanations: 5. Disallowance of expenditures not substantiated. - Under the bill, taxpayers will be required to substantiate their entertainment and related expenses, their traveling expenses and gift expenses. The bill provides that the taxpayer must substantiate by adequate records or by other sufficient evidence corroborating his own statement: the amount of such expense or other item; the time and place of *336 the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift; the business purpose of the expense; and the business relationship to the taxpayer of the person entertained, using the facility, or receiving the gift. This provision is intended to overrule, with respect to such expenses the so-called Cohan rule. In the case of Cohan v. Commissioner 39 F. 2d 540 (C.A. 2d, 1930), it was held that where the evidence indicated that a taxpayer had incurred deductible expenses but their exact amount could not be determined, the court must make "as close an approximation as it can" rather than disallow the deduction entirely. Under your committee's bill, the entertainment, etc., expenses in such a case would be disallowed entirely. The requirement that the taxpayer's statements be corroborated will insure that no deduction is allowed solely on the basis of his own unsupported, self-serving testimony. All we have in this case is the vague, unsupported and self-serving testimony of the petitioner. Except for certain amounts allowed by respondent, petitioner has not substantiated his claimed expenditures "by adequate records *337 or by other sufficient evidence corroborating his own statement." Therefore, respondent's determination as to 68 the travel, entertainment and gift expenses must be sustained. Petitioner has also failed to prove that he is entitled to deduct an additional $118 for Salesmen's Guild dues. To provide for the concession made by respondent, Decision will be entered under Rule 50.