R.T. and M. A. Carr v. Commissioner.
Carr v. Commissioner
Docket No. 4389-68.
United States Tax Court
T.C. Memo 1970-247; 1970 Tax Ct. Memo LEXIS 109; 29 T.C.M. (CCH) 1085; T.C.M. (RIA) 70247; August 31, 1970, Filed R. T. Carr, pro se, 5128 Bloomington Ave., Minneapolis, Minn.Jay B. Kelly, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $610.62 in petitioners' Federal income tax for the year 1965. The only issue for decision is whether petitioner R. T. Carr has substantiated certain unreimbursed travel expenses sufficiently to meet the requirements of section 274(d), Internal Revenue Code of 1954. Findings of Fact Some of the facts are stipulated and found accordingly. R. T. Carr and M. A. Carr are husband and wife whose legal residence was Minneapolis, Minnesota, at the time they filed their petition in this proceeding. They filed their *110 joint Federal income tax return for the year 1965 with the district director of internal revenue at Milwaukee, Wisconsin. R. T. Carr (herein called petitioner) is an industrial engineer. In 1965 he worked for four different employers. Each of his jobs involved travel away from home, and each employer paid him a per diem allowance to defray the additional costs of living away from home. Petitioner received from his employers in 1965 a total of $9,109.30 in wages and other compensation. He claimed in 1965 a deduction for unreimbursed travel expenses in the amount of $3,212.92, which was disallowed by respondent for lack of substantiation. Petitioner kept no records of his travel expenses in 1965. Opinion At the trial of this case the petitioner failed to offer any evidence of his claimed unreimbursed travel expenses other than his own unsupported, self-serving testimony. Section 274(d), Internal Revenue Code of 1954, and section 1.274-5, Income Tax 1086 Regs., impose rigid bookkeeping requirements in order to substantiate an allowance for expenditures incurred for travel expenses. It is necessary that the petitioner keep adequate records to show *111 the cost time and place of such expenditures and the business purpose of such expense. The petitioner herein did not have any receipts or records of the time spent away from home which would show that the expenses claimed were incurred and the extent to which such expenditures may have exceeded reimbursements received for traveling expenses away from home. He has completely failed to comply with the substantiation requirements of the statute and regulations. See William F. Sanford, 50 T.C. 823 (1968), affirmed per curiam 412 F. 2d 201 (C.A. 2, 1969), certiorari denied 396 U.S. 841 (1969). The general testimony of the petitioner as to the claimed travel expenses is not sufficient to carry his burden of proof. Decision will be entered for the respondent.