J. D. and Juanita Whitt v. Commissioner.
Whitt v. Commissioner
Docket No. 304-70-SC.
United States Tax Court
T.C. Memo 1971-27; 1971 Tax Ct. Memo LEXIS 304; 30 T.C.M. (CCH) 116; T.C.M. (RIA) 71027; February 8, 1971, Filed J. D. Whitt, pro se, 2408 North 51st St. Waco, Tex., D. Ronald Morello, for the respondent. GUSSIS
Memorandum Findings of Fact and Opinion GUSSIS, Commissioner: Respondent determined a deficiency in the petitioners' Federal income tax for 1967 in the amount of $544.60. The issue is whether petitioners are entitled to deduct travel and entertainment expenses in the amount of $1,945 as ordinary and necessary business expenses in the year 1967. Findings of Fact Some of the facts were stipulated and they are so found. J. D. and Juanita Whitt, husband *305 and wife, were residents of Waco, Texas at the 117 time the petition herein was filed. They filed a joint income tax return for the year 1967 with the district director of internal revenue at Austin, Texas. J. D. Whitt will hereinafter be called the petitioner. Petitioner is general sales manager for Gordon Rountree Motors, a Cadillac and Oldsmobile dealership in Waco, Texas. Petitioner has held this position for about 20 years. With the exception of a small amount of interest income, all of petitioner's income in 1967 was derived from his employment with Gordon Rountree Motors. In 1967 his compensation was 15 percent of the net profit of the new and used cars department plus an additional four percent of the net profit of the entire organization. Petitioner, in his capacity as general sales manager, was required by his employer to travel and to entertain. Petitioner claimed deductions on his income tax return for the year 1967 for the following expense items: Lunches and coffee
$ 525
Entertainment before and after business and sales conferences
795
Home entertainment following sales and business contacts
175
Travel to conventions, sales meetings, etc. 450
$1,945
*306 Respondent disallowed the travel and entertainment expense deductions claimed by petitioner in the amount of $1,945 on the ground that petitioner failed to meet the record-keeping requirements of section 274 of the Internal Revenue Code of 1954. [1]
Opinion Respondent argues (1) that petitioner has failed to show that the travel and entertainment expenditures in the amount of $1,945 qualify as ordinary and necessary business expenses under section 162 and (2) that petitioner has failed to meet the substantiation requirements of section 274(d). We need concern ourselves here only with the contention relating to section 274(d). Section 274(d) explicitly provides that no deduction shall be allowed under section 162 for any travel expense or entertainment expense "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, * * *, (C) the business purpose of the expense or other item, and *307 (D) the business relationship to the taxpayer of persons entertained, * * *." Respondent has issued extensive regulations implementing the statute. It is clear that petitioner has failed to make the necessary substantiation required by the statute either by adequate records or by sufficient evidence corroborating his own statements. It is stipulated that "[petitioners] failed to maintain any concurrent records relating to the time, the business purpose, or the amount of the travel and entertainment expense deduction claimed on their 1967 income tax return." Petitioner frankly admitted at the trial that the amounts claimed on his 1967 income tax return for the various categories [2] were estimates. Lacking the requisite records to support the claimed travel and entertainment expenses the petitioner is relying, in effect, upon his uncorroborated, self-serving testimony. Nor does this record contain "sufficient evidence" to corroborate his oral testimony. *308 See Harry G. LaForge, 53 T.C. 41 (1969), reversed and remanded - F. 2d - (C.A. 2, 1970). Petitioner introducedced into evidence a series of checks purporting to show that he actually incurred the amount or expenditures here in dispute. Many of these checks are simply made out to Gordon Rountree Motors, Ltd., as payee. Petitioner testified he cashed these checks "for various things" and admitted that it was conceivable that some of the money was for personal expenditures. The checks introduced by petitioner in evidence, with no satisfactory evidence in the record to show the nature and purpose of the expenditures involved, simply do not by themselves meet the substantiation requirements of section 274(d). We may be left with the conviction that petitioner did in fact make some expenditures in 1967 for travel and entertainment which would normally be allowable as business expenses under section 162. However, it is abundantly clear from the pertinent legislative history that we are not free to make an estimate of allowable expense deductions (under the rule of Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930)) where the record is otherwise deficient in the necessary *309 substantiation. See S. Rept. No. 1881, 87th 118 Cong., 2nd Sess. (1962), p. 35; see also William F. Sanford, 50 T.C. 823 (1968), affirmed per curiam 412 F. 2d 201 (C.A. 2, 1969). Petitioner complains that the Internal Revenue Service has "a dual set of standards for accepting or rejecting my income tax returns." He testified that his income tax returns for 1964 were audited and that his deductions for business expenditures were allowed, presumably without any detailed records to support them. It is clear, however, that the failure of a revenue agent to disallow an erroneous deduction in a prior year does not prevent the respondent from contesting the same type of deduction in a subsequent year. If errors are made in previous years, they are not to be perpetuated in the taxable year involved. We conclude that petitioner is not entitled to a deduction for any portion of the travel and entertainment expenses here in dispute. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise specified.↩
2. These categories were (1) lunches and coffee, (2) entertainment before and after business and sales conferences, (3) home entertainment following sales and business contacts and (4) travel to conventions, sales meetings, etc.↩