JOHN ROBERT GLEIXNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gleixner v. Commissioner
Docket No. 19913-80.
United States Tax Court
T.C. Memo 1983-365; 1983 Tax Ct. Memo LEXIS 421; 46 T.C.M. (CCH) 545; T.C.M. (RIA) 83365; June 21, 1983. John R. Gleixner, pro se. Randy G. Durfee, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined a deficiency of $1,444 in petitioner's Federal income tax for the year 1978. The only issue for decision is whether the petitioner is entitled to claimed deductions, in excess of the amounts allowed by respondent, for travel, meals and lodging while away from home. All of the facts are stipulated. The pertinent facts are summarized below. John Robert Gleixner (petitioner) was a resident of New Meadows, Idaho, at the time he filed his petition in this case. He filed a timely Federal income tax return for the year 1978 on which he claimed $8,156 as employee business expenses for travel, meals and lodging resulting from his employment away from the New Meadows area. In his notice of deficiency dated September 25, 1980, the respondent disallowed $6,670 of the total amount claimed for lack of substantiation. During 1978, while maintaining a home in New Meadows, the petitioner was temporarily employed on three job sites as a construction worker. He worked for Peter *423 Kiewit Sons Company, Thatcher and Sons, Inc. and Mullen Mining Company at various sites throughout the Western United States. He lived at or near each job site in a mobile home which he towed from site to site. Petitioner was away from his New Meadows residence 217 days during 1978. Petitioner's method of determining his deduction for meals and lodging during 1978 was to estimate that it cost him at least $18 per day and then he multiplied that by the number of days he was away from the New Meadows area. Petitioner also claimed 32,000 total business miles as automobile expenses. The mileage he claimed represents his travel in towing his trailer from one job site to another and, once there, driving between his trailer and the job site each day. It is approximately 2,000 miles round trip from the New Meadows area to the job site at which petitioner worked for Peter Kiewit Sons. It is approximately 1,800 miles round trip from the New Meadows area to the job site at which petitioner worked for Thatcher and Sons. It is approximately 1,800 miles round trip from the New Meadows area to the job site at which petitioner worked for Mullen Mining Company. For the purpose of this case *424 the respondent has conceded that petitioner was "away from home" under the provisions of section 162(a)(1) [1] for the 217 days he was working outside of the New Meadows area. Thus, we must determine whether petitioner has substantiated his travel expenses in excess of the amount allowed by respondent. It has been stipulated that petitioner kept neither a diary of expenses nor any receipts necessary to prove that the expenditures he claimed were made. Section 274(d) applies to travel expenses claimed under section 162(a)(2) and provides, in pertinent part, that No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense * * * (B) the time and place of the travel * * * [and] (C) the business purpose of the expense * * * The regulations, pursuant to the authorization of section 274, provide specific requirements *425 for substantiation of expenses coming within its coverage. Section 1.274-5(c)(2)(i), Income Tax Regs., provides, in pertinent part, that substantiation by adequate records means: a taxpayer shall maintain an account book, diary, statement of expense or similar record (as provided in subdivision (ii) of this subparagraph) and documentary evidence (as provided in subdivision (iii) of this subparagraph) which, in combination, are sufficient to establish each element of an expenditure specified in paragraph (b) of this section. It is not necessary to record information in an account book, diary, statement of expense or similar record which duplicates information reflected on a receipt so long as such account book and receipt complement each other in an orderly manner. (ii) Account book, diary, etc. An account book, diary, statement of expense or similar record must be prepared or maintained in such manner that each recording of an element of an expenditure is made at or near the time of the expenditure. The substantiation requirements of section 274(d) and section 1.274-5, Income Tax Regs., are explicit and cannot be waived by this Court. See Sanford v. Commissioner,50 T.C. 823 (1968), *426 affd. per curiam 412 F.2d 201 (2d Cir. 1969); Winter v. Commissioner,T.C. Memo. 1983-118; and Heymann v. Commissioner,T.C. Memo. 1970-239. Absent the necessary proof of substantiation required by the statute and the regulations, petitioner is not entitled to the amounts he claimed as expenses for travel, meals and lodging for 1978 in excess of what respondent has already allowed in his deficiency notice or conceded on brief. To reflect our conclusions and respondent's allowances, Decision will be entered under Rule 155.
Footnotes
1. All section references herein are to the Internal Revenue Code of 1954, as amended and in effect during 1978, unless otherwise indicated.↩