T.C. Summary Opinion 2004-51

UNITED STATES TAX COURT

RICHARD WILLIAM CORDUAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9939-02S.                    Filed May 4, 2004.

Richard William Corduan, pro se.

Kathleen C. Schlenzig, for respondent.

DEAN, Special Trial Judge:  This case was heard under the
provisions of section 7463 of the Internal Revenue Code as in
effect at the time the petition was filed.  Unless otherwise
indicated, all other section references are to the Internal
Revenue Code in effect for the year at issue.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal income tax of $5,592 and an accuracy-related penalty under section 6662(a) of $1,118.40 for 1999. Petitioner agrees that he is not entitled to a dependency exemption deduction for his father. The issues remaining for decision are whether petitioner is entitled to: (a) A dependency exemption deduction for his mother; (b) head of household filing status; and (c) business expense deductions claimed on Schedule C, Profit or Loss From Business.

Some of the facts have been stipulated and are so found. The stipulation of facts, supplemental stipulation of facts, and exhibits received in evidence are incorporated herein by reference. At the time the petition was filed, petitioner resided in Trevor, Wisconsin.

### Background

On his 1999 Form 1040, U.S. Individual Income Tax Return, petitioner listed his occupation as "factory worker". He reported his filing status as head of household and claimed dependency exemption deductions for both his father and mother. He attached to the return a Schedule C in the name of "Daybreak IV Fishing LLC" for the activity of "Information Service for Fishing".

Petitioner's mother and father filed a joint Federal income tax return for 1999. His father received total income for 1999

of $19,277.  His mother received Social Security payments of at least $4,342 in 1999.

On March 14, 1995, the State of Wisconsin filed articles of organization of a "Limited Liability Company" (LLC), Daybreak IV Fishing LLC (Daybreak).  The organizers named in the articles are petitioner and his father, Richard W. Corduan, Sr.

During 1999, Daybreak maintained a Web address at a cost of $35.  On January 16, 1999, petitioner wrote a letter to the State of Wisconsin Department of Industry, Labor, and Human Relations, UI Division declaring:

> There has been no activity by Daybreak IV Fishing since 1995 and no employees or payments of wages has been made since that time.
>
> We have been through extreme financial problems and any possibility of this venture ever being resurrected are minute.

On January 17, 1999, petitioner wrote to the Department of Revenue of the State of Wisconsin, stating:  "There has been no activity by Daybreak IV Fishing since 1995".  He further represented in the letter that the business "has been nonexistent since 1995".  The parties agree that Daybreak has never filed a "Federal income tax return".

Petitioner reported his Daybreak activity on Schedule C as producing gross receipts of zero, $5,037.70 in labor costs, car and truck expenses of $2,079.89, legal and professional service expenses of $13,580.37, rent or lease expenses for vehicles or

equipment of $2,148.69, and unnamed other expenses of $6,241.45, resulting in a net loss of $29,988.10.[1]

## Discussion

Because petitioner failed to meet the requirements of section 7491(a), the burden of proof with respect to factual issues relevant to the deficiency does not shift to respondent. As to the accuracy-related penalty, respondent has the burden of production; the burden of persuasion remains with petitioner. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

Dependency Exemption and Head of Household Filing Status

A dependency exemption deduction is allowed under section 151(a) for a parent of a taxpayer only if, among other requirements, the taxpayer provides over half of the parent's support for the year. See secs. 151(c) and 152(a)(4). A taxpayer is considered a head of household with respect to a parent only if, among other requirements, the taxpayer maintains a household which constitutes the principal place of abode of that parent, and the taxpayer is entitled to a dependency exemption deduction for the parent for that taxable year. See sec. 2(b)(1)(B). Although the taxpayer is not required to reside with his parents for purposes of section 2(b), he must maintain the household, which means that he must pay more than one-half

---

[1]The actual sum of the claimed items is $29,088.10.

the cost of maintaining the household for the taxable year.  See sec. 2(b)(1); sec. 1.2-2(c), Income Tax Regs.

Nothing in the record shows or even estimates an amount which petitioner provided for his mother's support or to maintain the home.  The Court finds that petitioner did not provide over half his mother's support for 1999.  Therefore, because petitioner may not claim a dependency exemption deduction for either of his parents, petitioner is not entitled to head of household filing status.  The Court upholds respondent's determinations with respect to both dependency exemption deductions and filing status.

Schedule C Deductions

A taxpayer generally must keep records sufficient to establish the amounts of the items reported on his Federal income tax return.  See sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.  However, in the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, the Court generally may estimate the amount of the deductible expense, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making.  See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  The Court cannot estimate a deductible expense, however, unless the taxpayer presents evidence

sufficient to provide some basis upon which an estimate may be made.  See Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Section 274(d) imposes stricter requirements and supersedes the Cohan doctrine.  See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). Section 274(d) provides that, unless the taxpayer complies with certain strict substantiation rules, no deduction is allowable: (1) For traveling expenses, (2) for entertainment expenses, (3) for expenses for gifts, or (4) with respect to listed property, see sec. 280F(d)(4), including passenger automobiles, computers and peripheral equipment, and cellular phones.  To meet the strict substantiation requirements, the taxpayer must substantiate the amount, time, place, and business purpose of the expenses.  See sec. 274(d); sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46006 (Nov. 6, 1985).

An LLC with more than one member is treated as a partnership for Federal income tax purposes unless the LLC elects otherwise. See sec. 301.7701-3(b)(1)(i), Proced. & Admin. Regs.  The parties stipulated that Daybreak never filed any "Federal income tax returns".  From this stipulation the Court assumes that Daybreak filed neither Forms 1065, U.S. Return of Partnership Income, nor Form 8832, Entity Classification Election.  Petitioner merely filed a Schedule C and claimed a net loss from the activity of the LLC as though it were a proprietorship.  Petitioner, however,

aside from a few summary schedules, presented no evidence to support the claimed loss or the underlying expenses listed on the Schedule C.

Furthermore, early in 1999 petitioner admitted to two agencies of the Wisconsin State government that Daybreak had not engaged in any business activity since 1995 and was "nonexistent". Petitioner has not explained how Daybreak could incur trade or business expenses in 1999 if it was not engaged in a trade or business and was nonexistent. The Court therefore upholds respondent's disallowance.

## Accuracy-Related Penalty

Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of several factors, including negligence or disregard of rules or regulations and a substantial understatement of income tax. See sec. 6662(b)(1) and (2).

"Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to keep adequate books and records or to substantiate items properly. A "substantial understatement" includes an underpayment of tax of $5,000 or more. See sec. 6662(c) and (d); secs. 1.6662-3(b)(1) and 1.6662-4(b), Income Tax Regs.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. See id. Petitioner failed to keep adequate books and records reflecting expenses of his Daybreak activity and to properly substantiate other items reported on his return. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. There is an understatement of tax greater than $5,000. The Court concludes that respondent has produced sufficient evidence to show that the section 6662 accuracy-related penalty is appropriate. Nothing in the record indicates petitioner acted with reasonable cause and in good faith. The Court holds that the record supports respondent's determination that petitioner is liable for the accuracy-related penalty.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.