T.C. Summary Opinion 2009-39


UNITED STATES TAX COURT


FREDDY W. FUENTES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16020-07S.                    Filed March 23, 2009.


Freddy W. Fuentes, pro se.

<u>Elizabeth S. Martini</u> and Michael Shelton (student), for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code (Code) in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated,

subsequent section references are to the Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

For 2005 respondent determined an $8,238 deficiency in petitioner's Federal income tax and a $1,647.60 accuracy-related penalty under section 6662(a). The issues remaining for decision[1] are whether petitioner is: (1) Entitled to deductions for business expenses claimed on his amended Schedule C, Profit or Loss From Business; (2) entitled to itemized deductions in an amount in excess of the standard deduction; (3) entitled to a personal exemption for his spouse, Yvonne Fuentes, and a dependency exemption deduction for his father, Hector Fuentes; and (4) liable for the accuracy-related penalty under section 6662(a).[2]

---

[1]In respondent's pretrial memorandum, he conceded that petitioner was entitled the following deductions: (1) $525 for software purchased for his work with Promesa Systems (hereinafter MIS as petitioner referred to Promesa Systems as "MIS") as an unreimbursed employee expense; (2) $1,200 for a projector and screen used in petitioner's soccer coaching activity (coaching activity); and (3) $59.95 for soccer training CDs.

[2]Adjustments for the following are computational and are to be resolved consistent with the Court's decision: (1) Petitioner's liability for self-employment tax and his deduction therefor; (2) whether petitioner is entitled to itemize his deductions or is limited to the standard deduction; and (3) the amount of petitioner's net medical and dental expenses and his entitlement to a deduction for medical and dental expenses.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. When the petition was filed, petitioner resided in New York.

During 2005 petitioner worked as a telecommunications supervisor for MIS and for the Manhattan Soccer Club (soccer club), training boys' and girls' teams age levels U-9 and U-12. Neither MIS nor the soccer club reimbursed petitioner for his 2005 local expenditures.

Petitioner's contract with the soccer club provided that he was required to supply his own equipment. But the soccer club would "pay for coach's lodging, meals and car travel expenses for any tournaments out of the tri-state area." During 2005 he traveled to various locations for practices, games, and tournaments, which included travel to Long Island and Manhattan, New York, Virginia, and New Jersey. He also traveled to Westchester, Pennsylvania, to acquire a "B" license issued by the National Soccer Coaches Association (NSCA).

Petitioner's return preparer timely filed petitioner's Form 1040, U.S. Individual Income Tax Return, electronically for 2005. On Schedule C, petitioner reported $19,643 in gross receipts and $26,211 in total expenses (discussed infra) for a $6,568 net loss. On Schedule A, Itemized Deductions, petitioner claimed

$21,083 in total itemized deductions (discussed infra).  He also filed as single and claimed one personal exemption for himself.

Upon examination of petitioner's Form 1040, respondent sent a notice of deficiency to his last known address.  Respondent determined an $8,238 deficiency and a $1,647.60 accuracy-related penalty and proposed the following adjustments:

| Item | Per Return | Adjustment |
|------|------------|------------|
| Sched. C supplies | $6,422 | $6,422 |
| Sched. C car and truck expenses | 11,191 | 11,191 |
| SE AGI Adjustment | -0- | 781 |
| Self-employment tax | -0- | 1,561 |
| Unreimbursed employee expenses | 10,597 | 10,597 |
| State and local taxes | 2,588 | 181 |
| Noncash contributions | 2,315 | 2,315 |
| Cash contributions | 3,120 | 3,120 |
| Total itemized deductions | 21,083 | 21,083 |
| Standard deduction | -0- | 5,000 |

Respondent allowed petitioner a $4,671 deduction for medical and dental expenses (before application of the 7.5-percent floor).  Respondent also made a computational adjustment to petitioner's "Net Medical and Dental Expense" to reflect changes to his adjusted gross income.

In response, petitioner sought the advice of another return preparer, who submitted for 2005 a Form 1040X, Amended U.S. Individual Income Tax Return, and amended schedules to the IRS.[3]

_____

[3]By submitting amended Schedules A and C, petitioner effectively, and is therefore deemed to have, conceded that the
(continued...)

On petitioner's amended Schedule C, he claimed $19,643 in gross receipts and $24,649 in total expenses (discussed infra) for a $5,006 net loss.  On petitioner's amended Schedule A, he claimed

---

[3](...continued)
following deductions were inaccurate:

| Item | Original Schedules | Amended Schedules |
| --- | --- | --- |
| Advertising | $400.00 | -0- |
| Commissions and fees | 300.00 | -0- |
| Car and truck expenses | 11,191.00 | $7,961 |
| "Office expense" | 3,240.00 | 5,120 |
| Supplies | 6,422.00 | 6,235 |
| Utilities | 1,320.00 | 2,485 |
| Travel | 1,038.00 | 281 |
| Sch. C taxes & licenses | 1,200.00 | 2,047 |
| Meals and entertainment | 1,100.00 | 400 |
| Other expenses | -0- | 120 |
| Sch. A State and local income taxes | 2,407.00 | 2,376 |
| "NYSDI" | 31.20 | -0- |
| "TOBACCO TAX" | 150.00 | -0- |
| Real estate taxes | -0- | 550 |
| Charitable contributions paid by cash or check | 3,120.00 | 1,300 |
| Charitable contributions of property | 2,315.00 | 1,735 |
| Sch. A vehicle expense | 7,477.00 | -0- |
| Sch. A parking fees, tolls and transportation | 300.00 | -0- |
| Professional subscriptions | 630.00 | 1,464 |
| Uniforms and protective clothing | 1,100.00 | 3,615 |

See Neaderland v. Commissioner, 52 T.C. 532, 540 (1969) (taxpayer admitted by filing amended returns, inter alia, that his claimed deduction was excessive), affd. 424 F.2d 639 (2d Cir. 1970); Lare v. Commissioner, 62 T.C. 739, 750 (1974) (statements made in a tax return signed by a taxpayer may be treated as admissions), affd. without published opinion 521 F.2d 1399 (3d Cir. 1975).

$14,475 in itemized deductions (discussed <u>infra</u>). He changed his filing status from single to married filing jointly. Petitioner also claimed two personal exemptions for himself and his wife and a dependency exemption deduction for his father.

## Discussion

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden to prove that the determinations are in error. See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). But the burden of proof on factual issues that affect the taxpayer's tax liability may be shifted to the Commissioner where the taxpayer introduces credible evidence with respect to the issue and the taxpayer has satisfied certain conditions. See sec. 7491(a)(1). Petitioner has not alleged that section 7491(a) applies, and he has neither complied with the substantiation requirements nor maintained all required records. See sec. 7491(a)(2)(A) and (B). Accordingly, the burden of proof remains on him.

Ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business are generally deductible. Sec. 162(a). But as a general rule no deduction is allowed for travel, meals and entertainment, or "listed property"[4] unless the taxpayer complies with certain

---

[4]Listed property is defined to include passenger automobiles, computers and peripheral equipment, and cell phones.
(continued...)

substantiation requirements.  Sec. 274(d).  The Court therefore may not estimate a taxpayer's expenses with respect to the items enumerated in section 274(d).  See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

I.  Schedule C Deductions

   A.  Car and Truck Expenses

In order to substantiate the amount of an automobile expense, the taxpayer must prove:  (1) The amount of the expenditure (i.e., cost of maintenance, repairs, or other expenditures); (2) the amount of each business use and the amount of the vehicle's total use by establishing the amount of its business mileage and total mileage; (3) time (i.e., the date of the expenditure or use); and (4) the business purpose of the expenditure or use.  Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  The taxpayer may substantiate the amount of mileage by "adequate records" or sufficient evidence that corroborates his statements. Sec. 274(d).  A record of the mileage made at or near the time of the automobile's use that is supported by documentary evidence has a high degree of credibility not present with a subsequently

---

[4](...continued)
Sec. 280F(d)(4)(A).

- 8 -

prepared statement.  Sec. 1.274-5T(c)(1) through (3), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46020 (Nov. 6, 1985).

To meet the adequate records requirement, the taxpayer must maintain an account book, diary, log, statement of expense, trip sheets, or similar record and documentary evidence that in combination are sufficient to establish each element of expenditure or use.  Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., supra.  An adequate record must be prepared or maintained in such manner that each recording of an element of an expenditure or use is made at or near the time of the expenditure or use.  Sec. 1.274-5T(c)(2)(ii), Temporary Income Tax Regs., supra.  "'[M]ade at or near the time of the expenditure or use' means [that] the elements of an expenditure or use are recorded at a time when, in relation to the use or making of an expenditure, the taxpayer has full present knowledge of each element of the expenditure or use".  Sec. 1.274-5T(c)(2)(ii)(A), Temporary Income Tax Regs., supra.

Petitioner claims a $7,961 deduction for car and truck expenses on his amended Schedule C, consisting of 11,660 "business" miles, 21,780 "commuting" miles, and 20,800 "other" miles.  He provided a spreadsheet and an attached supplement that purports to reflect the miles he drove in 2005.  The spreadsheet's mileage categories consist of 21,780 miles for commuting from petitioner's home to MIS and 19,360 miles for

travel with respect to his coaching activity.  The coaching activity's mileage consists of mileage from MIS to soccer fields (Tuesdays through Fridays), from a soccer field to another soccer field(s), return trips from a soccer field to his home, and trips from his home to a soccer field (on the weekends).[5]  He also included various schedules for practices, games, and tournaments of his teams.

Petitioner's testimony established that he did not record the miles driven from day to day or for traveling in his coaching activity for 2005.  Rather, his mileage records were created after the fact.  Therefore, his spreadsheet, the attached supplement, and the various schedules do not satisfy the adequate record requirement.  See sec. 1.274-5T(c)(2)(i) and (ii)(A), Temporary Income Tax Regs., supra.  Although the Court believes that petitioner accrued mileage in his coaching activity, the Court may not apply the Cohan rule to estimate his deductible expense.  See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930);

---

[5]The Court also notes that any expenses petitioner incurred in commuting between his residence and either job are nondeductible personal expenses.  See secs. 162, 262; Fausner v. Commissioner, 413 U.S. 838 (1973); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs.  But transportation expenses incurred on trips between places of business may be deductible. Steinhort v. Commissioner, 335 F.2d 496, 503-504 (5th Cir. 1964), affg. and remanding T.C. Memo. 1962-233.  Petitioner, however, did not substantiate his mileage for trips between places of employment.  Additionally, petitioner did not prove that the soccer club did not reimburse him for his expenses as provided in his contract.  See supra p. 3.

Sanford v. Commissioner, supra at 827.  Accordingly, respondent's determination is sustained.

B.  Tolls

On petitioner's "Supporting Statement" attached to his Form 1040X, he claims a $2,772 deduction computed as follows:  44 x 7 = 308 Trips x $9.  He also stated that the expenditures were made in his coaching activity with respect to "Car-Truck Wks (KIA RIO)".  The Court assumes that the deduction was claimed for toll expenses, which generally may be deducted as a separate item. See Rev. Proc. 2004-64, sec. 5.04, 2004-2 C.B. 900, 924.  But petitioner has not provided any receipts to substantiate his expenditures, and he has not proven that he was not reimbursed by the soccer club for his expenditures as provided in his contract. See supra p. 3.  Therefore, petitioner is not entitled to the deduction.  Respondent's determination is sustained.

C.  Expense for the Business Use of Petitioner's Home

Expenses for the business use of a taxpayer's residence are deductible under limited circumstances.  The taxpayer must show that a portion of the residence was exclusively used on a regular basis as his principal place of business.  Sec. 280A(c)(1).  The term "'a portion of the dwelling unit'" refers to "'a room or other separately identifiable space;'" a permanent partition marking off the area is not necessary.  Hefti v. Commissioner, T.C. Memo. 1993-128 (quoting section 1.280A-2(g)(1), Proposed

Income Tax Regs., 48 Fed. Reg. 33324 (July 21, 1983)).  The term "principal place of business" includes a place of business used by the taxpayer to perform administrative or management activities related to the trade or business if there is no other fixed location of the trade or business where substantial administrative or management activities are undertaken.  Sec. 280A(c)(1).

Petitioner claims a deduction of $5,120 for "Office expense" for the business use of his home in his coaching activity on his amended Schedule C.  His expenses consist of $2,600 for rent, $120 for electricity, $150 for paint, $700 for furniture, $1,200 for a computer, $200 for a printer, and $150 for a fax machine.

Petitioner's evidence consisted of an American Express statement showing two purchases from "Futon Beds & More" for $1,738 and $81.46 and a $211.29 purchase from "East Islip Paint", a letter from his landlord stating that petitioner was renting an apartment in her house at $1,300 per month in 2005, photographs (which indicate that the room was used for nothing more than to store the equipment), and his testimony.

Petitioner testified that he rented a six-room apartment in which he had converted one of the three bedrooms into an office for which he claimed one-sixth of the rent and electricity for the year.  He testified that he purchased paint for $150 and related equipment for $215.  These purchases were evidenced by

the American Express statement.  He also testified that the $700 deduction for furniture consisted of a couch purchased in 2005 for his office. Finally, he testified that he purchased a computer, a printer, and a fax machine in 2005 for his office, but he did not have a receipt to substantiate those purchases.

Petitioner, however, has not proven that the bedroom was exclusively used on a regular basis as his principal place of business for his coaching activity.  See sec. 280A(c)(1).  In addition, he has not adequately substantiated his expenses; i.e., he did not provide receipts for his purchases and the American Express statement does not prove that the expenditures were for furniture and paint for the office.  Finally, he has provided no evidence that substantiates his claimed deductions for the expenses related to his computer and peripheral equipment in accordance with section 274 and the regulations thereunder. Accordingly, petitioner is not entitled to a deduction for expenses related to the business use of his home.  Respondent's determination is sustained.

D. <u>Utilities</u>

Petitioner claims a $2,485 deduction for "Utilities"[6] on his amended Schedule C.  His deduction for utilities consists of:

| Description | Amount |
| --- | --- |
| Cell phone for soccer $160 per month | $1,920.00 |
| Internet $29 per month | 348.00 |
| New cell phone | 216.74 |

Expenses for cell phone use must be substantiated in accordance with section 274 and the regulations thereunder.  Sec. 274(d); see <u>supra</u> note 4.

Petitioner testified that he used one of his cell phones strictly for phone calls and e-mails in his coaching activity while his other cell phone was used for personal purposes.  He has provided no evidence that substantiates his cell phone expense in accordance with section 274 and the regulations thereunder.  Thus, petitioner is not entitled to those deductions, and the Court may not apply the <u>Cohan</u> rule to estimate his deductible expense.  See <u>Cohan v. Commissioner</u>, 39 F.2d 540 (2d Cir. 1930); <u>Sanford v. Commissioner</u>, 50 T.C. at 827.

---

[6]Petitioner claimed the expenditures as a separate item on line 25, Utilities, on his amended Schedule C rather than on line 30, Expenses for business use of your home.  Generally, utilities attributable to the taxpayer's maintenance of a home office are deductible as business expenses under sec. 280A.  Sec. 1.262-1(b)(3), Income Tax Regs.  Because the expenditures are otherwise disallowed, the Court does not address whether petitioner mischaracterized his deductions.

The Court has characterized Internet expenses as utility expenses. Verma v. Commissioner, T.C. Memo. 2001-132. Strict substantiation therefore does not apply, and the Court may apply the Cohan rule to estimate petitioner's deductible expense, provided that the Court has a reasonable basis for making an estimate. See Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985) (an estimate must have a reasonable evidentiary basis); Pistoresi v. Commissioner, T.C. Memo. 1999-39.

Petitioner testified that he used the Internet for researching different teams, newer equipment, and soccer camps in his coaching activity. He also testified that he did not use the Internet for personal use because he had Internet access at work. Petitioner, however, has provided no receipts or other documentation to substantiate his Internet expense. Therefore, petitioner is not entitled to the deduction, and the Court cannot estimate his expense because he has not provided the Court with any basis for making an estimate. Respondent's determination is sustained.

E. Supplies

Petitioner claims a $6,235 deduction for supplies on his amended Schedule C. His supplies consist of:

| Description | Amount |
| --- | --- |
| Screening TV for games with projector | $1,200 |
| Office supplies | 300 |
| Soccer balls, nets, etc. | 3,000 |
| CDs for training | 300 |

| | |
|---|---:|
| Uniforms--sweat suit | 175 |
| Shorts & shirts 5 sets | 300 |
| Soccer cleats | 250 |
| Hats & gloves | 50 |
| Laundry costs $15 per week x 44 | 660 |

Petitioner testified that players, coaches, and managers came to his home once or twice a month to view "presentations on how we would play, and how they are going to defend, and things like that." He testified that the projector and screen was not used for any other purpose because "it was just a plain wide screen and you project games on it." He also testified that he had a Sony TV in his apartment. He submitted a receipt from "Tigerdirect.com" to substantiate his purchase of the projector and screen. The receipt shows that he paid $1,376.13 for the items. The Court concludes that petitioner is entitled to a $1,376.13 deduction for the projector and screen rather than the $1,200 that respondent conceded. See supra note 1.

Petitioner also testified that his office supplies consisted of "papers, pens, pencils, you name it." To substantiate his deduction for office supplies, he submitted a copy of his American Express statement that shows a purchase was made from Costco for $174.52. But the statement does not prove that the amount was expended for paper, pens, or the like. The Court concludes that petitioner is not entitled to a $300 deduction for office supplies, and respondent's determination is sustained.

To substantiate petitioner's $3,000 deduction for supplies, he has submitted photographs of soccer equipment, a "Team Quote" of $290.83 from "BigToe Sports", an American Express statement showing a purchase of $63.05 from Haydees Sports Soccer, and a document setting forth item numbers, descriptions, quantities, and prices for a total purchase price of $3,225.54 (the document). Although the document shows shipping costs of $94.03 and a total purchase price of $3,225.54, the document does not bear a retailer's name or other evidence of proof of payment by petitioner. Upon the basis of the foregoing, the Court finds that petitioner is entitled to a deduction of only $63.05 for the equipment. See Cohan v. Commissioner, 39 F.2d at 544 (estimates of a taxpayer's deductions bear heavily against the taxpayer whose inexactitude is of his or her own making). Although the Court believes because of the photographs that petitioner made expenditures for the equipment, he has not provided any reasonable evidentiary basis for making an estimate of his expenses (other than the self-serving document). See Vanicek v. Commissioner, supra at 742-743. Therefore, respondent's disallowance of the remaining $2,936.95 is sustained.

To substantiate petitioner's $300 deduction for training CDs, he has submitted a receipt for the purchase of a soccer CD for $64.95 and the aforementioned document alleging that he made payments of $26.99 and $22.49 for DVDs entitled "Training

Sessions Around the World" and "NSCAA Tactical Development",
respectively. The Court concludes that petitioner is entitled to
a deduction of $64.95 for the training CDs rather than the $59.95
that respondent conceded. See supra note 1. Respondent's
disallowance of the remaining $235.05 is sustained because
petitioner failed to produce credible evidence to substantiate
his expenditures or provide the Court with a reasonable basis for
estimating his deduction.

With respect to petitioner's $250 deduction for soccer
cleats, petitioner's only evidence consisted of the
aforementioned document alleging that he purchased one pair of
Predator Pulsion cleats for $80.99 and two pairs of Lotto Primato
cleats for $107.98. As stated earlier, the document does not
prove that petitioner made the purchases or provide the Court
with a reasonable basis for estimating his deduction. Therefore,
respondent's determination is sustained.

With respect to the deductions for uniforms (sweat suit),
five sets of shorts and shirts, and hats and gloves, petitioner
has provided no evidence, such as a receipt, to substantiate his
deductions. The document does not provide the Court with a
reasonable basis for estimating his deduction. Accordingly,
respondent's determination is sustained.

Petitioner testified that his $660 deduction for laundry
included the cost of his wife's washing of the teams' pennies and

his uniforms, sweat suits, or shorts.  He has provided no receipts to substantiate his expenditures for laundry detergent or fabric softener, and he has not provided any utility bills to establish his expenditures for water, gas, or electricity.  He has not provided the Court with a reasonable basis for estimating his deduction for laundry.  Accordingly, respondent's determination is sustained.

F.  Taxes and Licenses

Petitioner claims a $2,047 deduction for taxes and licenses on his amended Schedule C.  On petitioner's "Supporting Statement" attached to his Form 1040X, he set forth the following:

| Description | Amount |
| --- | --- |
| License | $986.00 |
| Cost of taking tests-2 weeks | 300.00 |
| Meals--14 days $50 day | 700.00 |
| Transport--L.I. to Westchester 125 Mi x .415 | 51.87 |
| Toll | 9.00 |

Other than petitioner's testimony that he spent 2 weeks testing to obtain a "B" license from NSCA, there is no evidence substantiating a $2,047 deduction.  In addition, he has not substantiated the travel and meal expenses associated with his license in accordance with section 274(d) and the regulations thereunder.  Respondent's determination is sustained.

G.  Travel and Meals and Entertainment

Petitioner claims a $281 deduction for travel and a $400 deduction for meals and entertainment on his amended Schedule C. On petitioner's "Supporting Statement" attached to his Form 1040X, he set forth the following:

| Description | Amount |
|---|---|
| Labor Day Tournament | $125 |
| Meals | 100 |
| Tournaments in New Jersey | 6 |
| Meals | 50 |
| Meetings with managers and assistant coaches | 400 |

To substantiate deductions for travel and meals and entertainment, taxpayers must substantiate the amount of the expense, the time and place of the travel or entertainment, the business purpose of each expense, and the business relationship to the taxpayer of the persons entertained.  Sec. 274(d); sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Petitioner has provided no evidence satisfying the strict substantiation requirements of section 274(d) and the regulations thereunder.  He also has not proven that the soccer club did not reimburse him for the expenditures as provided in his contract. See supra p. 3.  Petitioner is not entitled to the deductions, and respondent's determinations are sustained.  See Sanford v. Commissioner, 50 T.C. at 827.

H.  Other:  Magazines, Books, and Publications

Petitioner claims a $120 deduction for magazines, books, and publications on his amended Schedule C.  He has provided no receipts or other evidence to substantiate his deduction. Therefore, petitioner is not entitled to the deduction, and the Court cannot estimate his expense because he has not provided the Court with any basis for making an estimate.  Respondent's determination is sustained.

II.  Schedule A Deductions

A.  State and Local Taxes

Section 164(a) allows a taxpayer deductions for State and local income taxes, real property taxes, and personal property taxes.

Although respondent allowed a deduction of $2,407 for Schedule A State and local taxes, petitioner claims a deduction for State and local taxes of $2,926.  His deduction consists of State and local income taxes of $2,376 and real property taxes of $550 with respect to a "TIMESHARE" on his amended Schedule A.  He provided an "Account Detail/History" that shows that he made a $93.61 payment for "Property TAX" on November 22, 2005. Petitioner, however, has not shown that respondent has not already given him credit for this $93.61 payment, and he has not substantiated payments greater than the $2,407 that respondent allowed.  Accordingly, respondent's determination is sustained.

B.  Charitable Contributions

  1.  Gifts by Cash or Check

In pertinent part, section 1.170A-13(f)(1), Income Tax Regs., provides that separate contributions of less than $250 are not subject to the "contemporaneous written acknowledgment" requirement of section 170(f)(8) regardless of whether the sum of the contributions to such organization equals $250 or more. Rather, monetary charitable contributions of less than $250 must be substantiated by a canceled check, a receipt from the organization that shows the organization's name, the date of the contribution, and the amount thereof; or "other reliable written records" that show the organization's name, the date of the contribution, and the amount thereof.  Sec. 1.170A-13(a)(1), Income Tax Regs.[7]

Petitioner claims on his amended Schedule A a $1,300 deduction for charitable contributions paid by cash or checks. He testified that his charitable contributions paid by "Cash or check [were] for the church that I gave to somebody and I think all of that is provided in there, I think."  He has provided no other evidence to substantiate his deductions for charitable contributions for 2005.  The Court does not accept his

---

[7]The Court assumes that petitioner's payments for charitable contributions did not equal or exceed $250 and therefore are not subject to the more exacting standard of sec. 170(f)(8) and the regulations thereunder.

uncorroborated, self-serving testimony.  See <u>Urban Redev. Corp. v. Commissioner</u>, 294 F.2d 328, 332 (4th Cir. 1961), affg. 34 T.C. 845 (1960); <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986). Without other reliable evidence to substantiate petitioner's purported charitable contributions, he is not entitled to claim a deduction for them, and the Court will not apply the <u>Cohan</u> rule to estimate a deductible amount.  See <u>Cohan v. Commissioner</u>, 39 F.2d at 543-544; see also <u>Bond v. Commissioner</u>, 100 T.C. 32, 41 (1993) ("the reporting requirements [of section 1.170A-13, Income Tax Regs.,] are directory and not mandatory."); <u>Vanicek v. Commissioner</u>, 85 T.C. at 742-743.  Accordingly, respondent's determinations are sustained.

2.  <u>Gifts Other Than by Cash or Check</u>

To verify a charitable contribution of property other than money, the regulations require the taxpayer to maintain a receipt from the organization for each contribution showing:  (1) The organizations's name; (2) the contribution's date and location; and (3) the property's description in detail reasonably sufficient under the circumstances.  Sec. 1.170A-13(b)(1), Income Tax Regs.  A letter or other written communication from the organization acknowledging receipt of the contribution, showing the date thereof, and containing the required description of the property contributed constitutes a receipt.  <u>Id.</u>  Where it is impractical to obtain a receipt, the taxpayer must maintain

"other reliable written records" of the noncash contributions. Id. The other reliable written records shall contain: (1) The organization's name and address; (2) the contribution's date and location; (3) the property's description; (4) the property's fair market value at the time of the donation; (5) the method utilized in determining the property's fair market value; (6) the property's basis if the taxpayer is required to reduce the contribution by the amount of ordinary income or capital gain that would have been realized had the taxpayer sold the property for its fair market value; and (7) any agreements or conditions that relate to the use, sale, or other disposition of the contributed property. Sec. 1.170A-13(b)(2)(ii), Income Tax Regs. Additionally, where a taxpayer claims a deduction for a charitable contribution of property in excess of $500, the taxpayer is also required to attach Form 8283, Noncash Charitable Contributions, to the taxpayer's Form 1040 and maintain a written record that indicates how the property was acquired and the taxpayer's basis in the property. Sec. 1.170-13A(b)(3), Income Tax Regs.

The reliability of the other reliable written records is determined on the basis of all of the facts and circumstances. Sec. 1.170A-13(a)(2), Income Tax Regs. Factors indicative of reliability include but are not limited to: (1) The contemporaneousness of the writing evidencing the contribution;

(2) the regularity of the taxpayer's recordkeeping procedures, e.g., a contemporaneous diary entry stating the amount and date of the contribution and the organization's name that is made by a taxpayer who regularly makes such diary entries; and (3) in the case of a de minimis contribution, any written or other evidence from the organization evidencing the contribution that would not otherwise constitute a "receipt" (including a "token" traditionally associated with the organization and regularly given by it to persons making cash donations).  Sec. 1.170A-13(a)(2)(i), (b)(2)(i), Income Tax Regs.

But deductions for contributions of cash or property of $250 or more must be substantiated by a contemporaneous written acknowledgment from the organization.  Sec. 170(f)(8); see also sec. 1.170A-13(f)(1), Income Tax Regs.  A written acknowledgment is contemporaneous if it is obtained by the taxpayer on or before the earlier of the date the taxpayer files the original return for the taxable year of the contribution or the due date (including extensions) for filing the original return for the year.  Sec. 170(f)(8)(C); sec. 1.170A-13(f)(3), Income Tax Regs. The written acknowledgment must state the amount of cash and a description (but not necessarily the value) of any property other than cash that the taxpayer donated and whether the organization provided any consideration to the taxpayer in exchange for the

donation.  Sec. 170(f)(8)(B)(i) and (ii); sec. 1.170A-13(f)(2)(i) and (ii), Income Tax Regs.

Petitioner claims on his amended Schedule A a $1,735 deduction for charitable contributions of property donated to the Promesa Foundation (Promesa) on various dates in 2005.  His purported donations consist of clothing, jackets, suits, dresses, gowns, and a computer and related equipment.  He reported a total cost basis of $3,665 and a total fair market value of $1,735.  He also reported that the method used to determine the fair market value was "FAIR MARKET VALUE".

With respect to the clothing, jackets, suits, dresses, and gowns, petitioner has not provided a receipt from Promesa or a reliable written record satisfying the requirements of section 1.170A-13(b)(2)(ii), Income Tax Regs.[8]  The Court does not accept his uncorroborated, self-serving testimony regarding his purported donations.  See Urban Redev. Corp. v. Commissioner, 294 F.2d at 332; Tokarski v. Commissioner, 87 T.C. at 77.  Without other reliable evidence to substantiate those charitable contributions, petitioner is not entitled to claim a deduction for them, and the Court will not apply the Cohan rule to estimate a deductible amount.  See Cohan v. Commissioner, 39 F.2d at 543-

---

[8]The Court assumes that the deduction claimed for each of these items did not equal or exceed $250 and therefore are not subject to the more exacting standard of sec. 170(f)(8) and the regulations thereunder.

544; see also <u>Bond v. Commissioner</u>, 100 T.C. at 41. Respondent's determinations are sustained.

To substantiate petitioner's contributions of the fax computer and related equipment, he submitted a letter from Promesa, dated June 10, 2008. The letter's author claims that petitioner purchased the computer in 2005 and donated it later that year. The letter's author also claims: "Based upon my knowledge and based upon a review of several catalogues available from 2005 the following are the values:"

| <u>Property</u> | <u>Value</u> |
|---|---|
| Printer HP Model 1022 LaserJet | $199.98 |
| Fax HP Model 1050 fax with answering machine | 149.99 |
| Open model Pentium IV–1.2 GHZ 40 GB HD 256 MB RAM Windows XP Professional Office 2003 15" Monitor | 1,200.00 |

The Court accords little weight to the letter acknowledging the contributions of the computer and related equipment because it was written about 3 years after the contributions. With respect to the computer and monitor, the letter does not satisfy the contemporaneous written acknowledgment requirement of section 170(f)(8) and the regulations thereunder. Specifically, the letter is not contemporaneous, and it fails to satisfy the requirement that the organization provide a statement as to whether the organization provided any goods or services in consideration for the donation. Additionally, the values of the

contributions appear to be based upon the values of such equipment in a new rather than a used condition.  Since the computer and related equipment were used, this method overstated their actual values.  See <u>Mack v. Commissioner</u>, T.C. Memo. 1980-401, affd. without published opinion 690 F.2d 906 (11th Cir. 1982).  Petitioner did not introduce any other evidence supporting the estimated values.  He has not satisfied the requirements of section 1.170A-13(b) and (f), Income Tax Regs. Therefore, petitioner is not entitled to the claimed deductions, and the Court will not apply the <u>Cohan</u> rule to estimate a deductible amount.  See <u>Cohan v. Commissioner</u>, 39 F.2d at 543-544.  Accordingly, respondent's determinations are sustained.

### C.  <u>Unreimbursed Employee Business Expenses</u>

#### 1.  <u>Professional Subscriptions</u>

Petitioner claims a $1,464 deduction for professional subscriptions as an unreimbursed employee expense on his amended Schedule A.  On petitioner's "Supporting Statement" attached to his Form 1040X, he set forth the following:

| <u>Description</u> | <u>Amount</u> |
| --- | --- |
| Daily newspaper | $234 |
| Satellite for job $90 per month | 1,080 |
| "Magazines-Dummy Books" | 150 |

Petitioner testified that his subscriptions expense related to magazines and "stuff" for soccer.  He has provided no receipts or other evidence to substantiate those deductions.  Therefore,

petitioner is not entitled to the deductions, and the Court cannot estimate his expense because he has not provided the Court with any basis for making an estimate. Respondent's determination is sustained.

Petitioner testified that the deductions for his satellite expense related to soccer games that his players and the other coaches watched at his home. He also testified that he deducted only a portion of the expense, i.e., $90, and that his monthly satellite cost was $160 or $180. He provided respondent with a credit card statement reflecting a one-time fee to Dish Network for $234.17 in 2005.

Petitioner has provided no other evidence to substantiate his monthly expenditures for the satellite in his coaching activity. In addition, he has not provided any evidence that establishes either his personal or business use of the satellite. Therefore, petitioner is not entitled to the deduction, and the Court cannot estimate his expense because he has not provided the Court with any basis for making an estimate. Respondent's determination is sustained.

### 2. Uniforms and Protective Clothing

Petitioner claims a $3,615 deduction for uniforms as an unreimbursed employee expense on his amended Schedule A. On petitioner's "Supporting Statement" attached to his Form 1040X, he set forth the following:

| Description | Amount |
|---|---|
| Shirts x 7 | $175 |
| Pants x 7 | 245 |
| Special T-shirts x 7 | 105 |
| Work shoes x 2 | 160 |
| Socks 10 pair | 30 |
| Jackets | 125 |
| Winter jacket | 75 |
| Hats, gloves, & scarves | 100 |
| Laundry costs $20 per week | 1,040 |
| Dry cleaning $30 per week | 1,560 |

Clothing is a deductible expense only if it is required for the taxpayer's employment, is unsuitable for general or personal wear and is not so worn. See Hynes v. Commissioner, 74 T.C. 1266, 1290 (1980); Yeomans v. Commissioner, 30 T.C. 757, 767 (1958). If the cost of acquiring clothing is deductible, then the cost of maintaining the clothing is also deductible. Fisher v. Commissioner, 23 T.C. 218 (1954), affd. 230 F.2d 79 (7th Cir. 1956).

Petitioner testified that his "uniform" for MIS consisted of jeans and long-sleeve shirts during the winter. He testified that MIS let him pick out what he wanted to wear and what he wanted to purchase. He also testified that his laundry and dry cleaning costs were for expenditures he made for cleaning his MIS uniforms.

Petitioner admitted that MIS did not require him to wear a specific uniform. Moreover, his uniform consisted of clothing that is suitable for general or personal wear, and he has failed to prove otherwise. He also failed to substantiate either the

cost of purchase or the cost of maintaining of his uniforms. Accordingly, petitioner is not entitled to his claimed deductions, and respondent's determinations are sustained.

### 3. Other: Supplies

On petitioner's original and amended Schedules A he claimed a $345 deduction for supplies as an unreimbursed employee expense. Petitioner presented neither evidence nor argument concerning his supplies expenses and is thus deemed to have conceded that issue. See Nielsen v. Commissioner, 61 T.C. 311, 312 (1973); Mikalonis v. Commissioner, T.C. Memo. 2000-281.

## III. Exemptions

### A. Petitioner's Spouse

Petitioner did not claim a personal exemption for his wife on his Form 1040, but he did claim a personal exemption for his wife on his Form 1040X.

Section 151(b) provides a taxpayer with an exemption for a spouse if the taxpayer and the spouse do not file a joint return, the spouse had no gross income, and the spouse is not dependent on another taxpayer during the calendar year in which the taxpayer's tax year began.[9]

---

[9]Although petitioner submitted a Form 1040X to respondent that purports to be a joint return and claims a personal exemption for his wife, the Form 1040X was not signed by his wife and has not been accepted by respondent as filed. In addition, sec. 6013(b)(2) provides that an election to file a joint return after the filing of a separate return may not be made where a

(continued...)

Petitioner did not prove that he satisfied the requirements of section 151(b). He failed to prove that his wife did not have gross income and that she was not dependent on another taxpayer during 2005.[10] Respondent's determination is sustained.

B. Petitioner's Father

Petitioner did not claim a dependency exemption deduction for his father on his Form 1040, but he did claim a dependency exemption deduction for his father on his amended Form 1040X.

Generally, taxpayers may claim dependency exemption deductions for their dependents (as defined in section 152). Sec. 151(c). The term "dependent" includes a "qualifying relative." Sec. 152(a). Under section 152(d)(1) a qualifying relative is an individual: (1) Who bears a qualifying relationship to the taxpayer, such as the taxpayer's father, sec. 152(d)(2)(C); (2) whose gross income for the year is less than the section 151(d) exemption amount ($2,000 for 2005); (3) who receives over one-half of his support from the taxpayer for the

---

[9](...continued)
notice of deficiency has been mailed to either spouse and such spouse has filed a petition with the Court. Respondent mailed the notice of deficiency to petitioner's last known address on July 2, 2007. Petitioner filed his petition on July 16, 2007, and he submitted the Form 1040X on July 24, 2007. Accordingly, the Court concludes that a joint return was not filed and that sec. 151(b) governs the Court's analysis of this issue.

[10]Petitioner did not call his wife as a witness to testify about these issues.

taxable year; and (4) who is not a qualifying child of the taxpayer or of any other taxpayer for the taxable year.

Petitioner provided a copy of his father's Social Security card and a letter purportedly written by his father. The letter's author claims that he lived with petitioner and petitioner's wife during 2005, that he had no income for 2005, and that petitioner paid all of his expenses.

Petitioner testified that his father lived with him during 2005, that his father was in his "late fifties" in 2005, and that his father stopped working or retired in 2004 because he had cancer and Ecuador's economy was not very good. He also testified that nobody else supported his father because there were no other family members "here to support him."

Petitioner did not call his father (or any other person) as a witness. In addition, the Court is reluctant to rely on the letter and petitioner's self-serving testimony. Without other corroborative evidence, petitioner is not entitled to the dependency exemption deduction for his father. Respondent's determination is sustained.

## IV. Accuracy-Related Penalty

Initially, the Commissioner has the burden of production with respect to any penalty, addition to tax, or additional amount. Sec. 7491(c). The Commissioner satisfies this burden of production by coming forward with sufficient evidence that

indicates it is appropriate to impose the penalty.  See <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001).  Once the Commissioner satisfies this burden of production, the taxpayer must persuade the Court that the Commissioner's determination is in error by supplying sufficient evidence of reasonable cause, substantial authority, or a similar provision.  <u>Id.</u>

In pertinent part, section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty equal to 20 percent of the underpayment that is attributable to:  (1) Negligence or disregard of rules or regulations; or (2) a substantial understatement of income tax.[11]  Section 6662(c) defines the term "negligence" to include "any failure to make a reasonable attempt to comply with the provisions of this title," and the term "disregard" to include "any careless, reckless, or intentional disregard."  Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly.  Sec. 1.6662-3(b)(1), Income Tax Regs.

Section 6664(c)(1) is an exception to the section 6662(a) penalty:  no penalty is imposed with respect to any portion of an underpayment if it is shown that there was reasonable cause therefor and the taxpayer acted in good faith.  Section

---

[11]Because the Court finds that petitioner was negligent or disregarded rules or regulations, the Court need not discuss whether there is a substantial understatement of income tax.  See sec. 6662(b); <u>Fields v. Commissioner</u>, T.C. Memo. 2008-207.

1.6664-4(b)(1), Income Tax Regs., incorporates a facts and circumstances test to determine whether the taxpayer acted with reasonable cause and in good faith.  The most important factor is the extent of the taxpayer's effort to assess his proper tax liability.  Id.  "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of * * * the experience, knowledge and education of the taxpayer."  Id.

The Court finds that respondent has met his burden of production and that petitioner was negligent.  Petitioner did not properly substantiate his deductions as required by the Code and the regulations.  In addition, he conceded that several of his deductions were inaccurate.  See supra note 3.  Petitioner did not establish a defense for his noncompliance with the Code's requirements.  Respondent's determination is therefore sustained.

To reflect the foregoing,

Decision will be entered

under Rule 155.