T.C. Summary Opinion 2009-57


UNITED STATES TAX COURT


CRISTINA A. OSORIO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 25924-07S.              Filed April 29, 2009.


Cristina A. Osorio, pro se.

<u>Christine K. Lane</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

For 2005 respondent determined a $2,728 deficiency in petitioner's Federal income tax. The issue remaining for decision[1] is whether petitioner is entitled to itemized deductions in excess of the standard deduction.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. When the petition was filed, petitioner resided in Florida.

During 2005 petitioner worked for Southern Wine and Spirits as a sales consultant. Her customer accounts were in the Greater Miami area. She drove her own vehicles to service her customer accounts, which were on an established route that she "had to stick to to get orders." She was not reimbursed by her employer for her expenditures. Instead, she claimed $18,458 in unreimbursed employee expenses on her Schedule A, Itemized Deductions (before application of the section 67(a) 2-percent floor). On her Form 2106, Employee Business Expenses, she reported her expenses as follows:

---

[1] Petitioner presented neither evidence nor argument that she is entitled to her claimed $120 deduction for tax preparation fees. Petitioner is therefore deemed to have conceded the issue. See Nielsen v. Commissioner, 61 T.C. 311, 312 (1973); Mikalonis v. Commissioner, T.C. Memo. 2000-281.

| Description | Amount |
|---|---|
| Vehicle expense | $10,177 |
| Parking fees, tolls, and transportation | 420 |
| Travel expenses | -0- |
| Unspecified business expenses | 7,861 |
| Meals and entertainment | -0- |
| Total | 18,458 |

Petitioner's $10,177 deduction for vehicle expense was based upon 23,520 business miles at standard mileage rates of 40.5 and 48.5 cents per mile for two vehicles.  For vehicles 1 and 2 she reported business miles of 3,993 and 19,527 and other miles of 545 and 2,510 for a total of 4,538 and 22,037 miles, respectively.  She did not claim a deduction on her Form 2106 for the actual transportation expenses of her vehicles.

## Discussion

### I.  Burden of Proof

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden to prove that the determinations are in error.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  But the burden of proof on factual issues that affect the taxpayer's tax liability may be shifted to the Commissioner where the taxpayer introduces credible evidence with respect to the issue and the taxpayer has satisfied certain conditions.  See sec. 7491(a)(1).  Petitioner has not alleged that section 7491(a) applies, and she has neither complied with the substantiation requirements nor maintained all

required records.  See sec. 7491(a)(2)(A) and (B).  Accordingly, the burden of proof remains on her.

II.  Unreimbursed Employee Expenses

Section 162(a) authorizes a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  But as a general rule, deductions are allowed only to the extent that they are substantiated.  Secs. 274(d) (no deductions are allowed for gifts, listed property,[2] or traveling, entertainment, amusement, or recreation unless substantiated), 6001 (taxpayers must keep records sufficient to establish the amount of the items required to be shown on their Federal income tax returns).  If the taxpayer establishes that he has incurred a deductible expense yet is unable to substantiate the exact amount, the Court may estimate a deductible amount in some circumstances.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  But the Court cannot estimate a taxpayer's expenses with respect to the items enumerated in section 274(d).  Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); Rodriguez v. Commissioner, T.C. Memo. 2009-22 (the strict substantiation requirements of section 274(d) preclude the Court and taxpayers from approximating their expenses).

---

[2]The term "listed property" is defined to include passenger automobiles and cell phones.  Sec. 280F(d)(4)(A)(i), (v).

Section 274(d) and the regulations thereunder require taxpayers to substantiate their deductions by adequate records or sufficient evidence to corroborate the taxpayer's own testimony as to:  (1) The amount of the expenditure or use; (2) the time of the expenditure or use; (3) the place of the expenditure or use; (3) the business purpose of the expenditure or use; and (4) the business relationship to the taxpayer of the persons entertained or receiving the gift.  See sec. 1.274-5T(a) and (b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

As to the "Rules of substantiation", the temporary regulation provides that taxpayers must maintain and produce such substantiation as will constitute proof of each expenditure or use.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  Written evidence has considerably more probative value than oral evidence, and the probative value of written evidence is greater the closer in time it is to the expenditure or use.  Id.  Although a contemporaneous log is not required, a record made at or near the time of the expenditure or use that is supported by sufficient documentary evidence has a higher degree of credibility than a subsequently prepared statement.  Id.  The corroborative evidence required to support a statement not made at or near the time of the expenditure or use must have a high degree of probative value to elevate the statement and evidence to the level of credibility reflected by a

record made at or near the time of the expenditure or use supported by sufficient documentary evidence. Id.

To satisfy the "adequate records" requirement of section 274(d), the taxpayer shall maintain an account book, diary, log, statement of expense, trip sheets, or similar record and documentary evidence that in combination are sufficient to establish each element of expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). The adequate record must be prepared or maintained in such manner that each recording of an element or use is made at or near the time of the expenditure or use. Sec. 1.274-5T(c)(2)(ii), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). "'[M]ade at or near the time of the expenditure or use' means [that] the elements of an expenditure or use are recorded at a time when, in relation to the use or making of an expenditure, the taxpayer has full present knowledge of each element of the expenditure or use'". Sec. 1.274-5T(c)(2)(ii)(A), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

The level of detail required in an adequate record to substantiate the taxpayer's business use may vary depending on the facts and circumstances. Sec. 1.274-5T(c)(2)(ii)(C), Temporary Income Tax Regs., 50 Fed. Reg. 46018 (Nov. 6, 1985). For example, a taxpayer's use of a vehicle for both business and personal purposes and whose only business use of the vehicle is

to make deliveries to customers on an established route may satisfy the adequate record requirement by: (1) Recording the total number of miles driven during the taxable year, the length of the delivery route once, and the date of each trip at or near the time of the trips; or (2) establishing the date of each trip with a receipt, record of delivery, or other documentary evidence. Id.

To substantiate petitioner's claimed deduction for unreimbursed employee expenses she submitted copies of her bank statements for the period December 17, 2004, through December 15, 2005,[3] a 2005 calendar that sets forth the customer's name, the purpose of the trip, and the various miles petitioner drove, a "PM Route List", an "ON PREMISE MARKETING REPORT", and her testimony.

A. Petitioner's Deduction for Vehicle Expenses

1. Deduction Based on the Standard Mileage Rate

Petitioner testified that the mileage figures were "approximations" of her mileage accrued between each account, between an account and her employer's office, between an account and her home, or between her home and her employer's office, on occasions. She also testified that she had recorded "bits and

---

[3]For the sake of completeness, petitioner admitted that she is not entitled to deductions in 2005 for amounts expended during the period Dec. 17 through 31, 2004. See also sec. 1.461-1(a)(1) and (2), Income Tax Regs.

pieces of it in 2005", but she had to go back and "put some stuff in there at the current year * * * and refill some stuff in, based on my account list." And she testified that she used her vehicles for personal purposes "very locally, like locally".

Petitioner's testimony established that her mileage figures were mere estimates of her business use and that she did not accurately record her business mileage at or near the time of her business use.[4] See sec. 1.274-5T(b)(6)(i)(B), (c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46016, 46017 (Nov. 6, 1985). The Court therefore finds that petitioner is not entitled to her deduction for mileage.[5] See Sanford v. Commissioner, 50 T.C. at 827; Rodriquez v. Commissioner, T.C. Memo. 2009-22; see also sec.

---

[4]Although sec. 1.274-5T(c)(2)(ii)(C), Temporary Income Tax Regs., 50 Fed. Reg. 46018 (Nov. 6, 1985), provides that the length of an established delivery route may be recorded once if the recording takes place at or near the time of the trip, the Court does not accord much weight to petitioner's calendar. She admitted that she did not accurately record the information at or near the time of the trip and that she supplemented the information based on information from the current year.

Putting aside sec. 1.274-5T(c)(2)(ii)(C), Temporary Income Tax Regs., supra, the Court also does not accord much weight to petitioner's calendar because she admitted that she merely copied the information from one week to the next; e.g., the descriptions for each Monday (and the other days) are the same throughout 2005.

[5]The Court notes that any mileage accrued or actual expenses petitioner paid in commuting between her residence and either her employer's office or a customer account are nondeductible personal expenses. See secs. 162, 262; Fausner v. Commissioner, 413 U.S. 838 (1973); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs.

1.274-5T(c)(1), Temporary Income Tax Regs., <u>supra</u> (the substantiation requirements are designed to encourage taxpayers to maintain records and documentary evidence).

   2.   <u>Deduction Based on Actual Expenses</u>

   Although petitioner did not claim a deduction on her Form 2106 for the actual costs of her transportation expenses, she now asserts entitlement to a deduction for:  (1) Gas of $1,519.49; (2) car payments of $3,684.04; (3) insurance of $1,789.21; and (4) repairs of $382.78.

   As a general rule, however, taxpayers are prohibited from claiming deductions for automobile expenses using both the actual cost method and the standard mileage rate.  See <u>Tesar v. Commissioner</u>, T.C. Memo. 1997-207; Rev. Proc. 2004-64, sec. 5.03, 2004-2 C.B. 898, 900 (taxpayers generally may deduct an amount based on the standard mileage rate or actual costs).  In addition, because the Court has concluded that petitioner's evidence was not sufficient to substantiate her claimed deduction based on the standard mileage rate, it also does not sufficiently substantiate her claimed deduction based on the actual costs of her transportation expenses.  Petitioner therefore is not entitled to her claimed deduction based on the actual costs of her transportation expenses.  See <u>Sanford v. Commissioner</u>, <u>supra</u> at 827; <u>Rodriguez v. Commissioner</u>, <u>supra</u>.

### 3. Deduction for Parking Fees, Tolls, and Transportation Expenses

Petitioner claimed a $420 deduction on her Form 2106 for parking fees, tolls, and transportation expenses.  Deductions for these expenses may generally be deducted as a separate item.  See Rev. Proc. 2004-64, sec. 5.04, 2004-2 C.B. at 900.

Petitioner, however, has substantiated expenditures for parking fees of only $21.25.  The Court therefore finds that petitioner is entitled to only a $21.25 deduction for parking fees, subject to section 67(a) (relating to the 2-percent floor on miscellaneous itemized deductions).  See Cohan v. Commissioner, 39 F.2d at 544 (estimates of a taxpayer's deductions bear heavily against the taxpayer whose inexactitude is of his or her own making).

### B. Petitioner's Deduction for Unspecified Business Expenses[6]

#### 1. Meals and Entertainment Expenses

Although petitioner did not claim a deduction on her Form 2106 for meals and entertainment expenses, she now asserts entitlement to a $1,169.83 deduction for meals and entertainment expenses.  On several pages of petitioner's bank statements, she

---

[6]Petitioner testified that she did not know what her claimed deduction of $7,861 for unspecified business expenses consisted of.  Except as otherwise noted herein, the Court sustains respondent's disallowance of petitioner's deduction for unspecified business expenses.

handwrote: "Food w/customer", "meals w/customer", or "meals" for charges for several dates at various restaurants.

Petitioner's evidence, however, fails to prove the business relationship to petitioner of the persons entertained. See sec. 1.274-5T(b)(3)(v), Temporary Income Tax Regs., 50 Fed. Reg. 46015 (Nov. 6, 1985) (requiring the record to show the name, title, or other designation of the persons entertained sufficient to establish the business relationship to the taxpayer). In addition, it does not indicate the business reason for the entertainment, the nature of the business benefit derived or expected to be derived an account of the entertainment, or the nature of any business discussion or activity. See sec. 1.247-5T(b)(3)(iv), (c)(2)(ii)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46015, 46018 (Nov. 6, 1985). Because petitioner did not testify about this issue or provide any other corroborating evidence, the Court finds that her handwritten notations are not adequate to substantiate the business purpose of her meals and entertainment expenses. See sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra; see also Fed. R. Evid. 801(c), 807; Urban Redev. Corp. v. Commissioner, 294 F.2d 328, 332 (4th Cir. 1961), affg. 34 T.C. 845 (1960); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Accordingly, petitioner is not entitled to a $1,169.83 deduction for meals and entertainment expenses. See

- 12 -

Sanford v. Commissioner, supra at 827; Rodriquez v. Commissioner, supra; see also Fed. R. Evid. 801(c), 807.

### 2. Travel Expenses

Although petitioner did not claim a deduction on her Form 2106 for travel expenses, she now asserts entitlement to a $127.75 deduction for travel expenses. On petitioner's bank statement for the period March 17 through April 14, 2005, she handwrote: "travel for work" next to a charge for "Ioa Admissions" in Orlando, Florida, on March 21, 2005.

Section 1.274-5T(b)(2)(iv) and (c)(2)(ii)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46015, 46018 (Nov. 6, 1985), provides that the taxpayer must record the business reason for the travel or the nature of the business benefit derived or expected to be derived on account of the travel unless the business purpose is evident from the surrounding facts and circumstances. "For example, in the case of a salesman calling on customers on an established sales route, a written explanation of the business purpose of such travel ordinarily will not be required." Sec. 1.274-5T(c)(2)(ii)(B), Temporary Income Tax Regs., supra. Petitioner's evidence shows that her customer accounts were within the Greater Miami area. The business purpose of petitioner's travel to Orlando, Florida, is therefore not evident from the facts and circumstances. Because petitioner did not testify about this issue or provide any other

corroborating evidence, the Court finds that her handwritten notation is not adequate to substantiate the business purpose of her travel. See sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra; see also Fed. R. Evid. 801(c), 807; Urban Redev. Corp. v. Commissioner, supra at 332; Tokarski v. Commissioner, supra at 77. Accordingly, petitioner is not entitled to a $127.25 deduction for travel expenses. See Sanford v. Commissioner, 50 T.C. at 827; Rodriquez v. Commissioner, T.C. Memo. 2009-22.

### 3. Gift Expenses

Although petitioner did not claim a deduction on her Schedule A for gift expenses, she now asserts entitlement to a $410.32 deduction for gift expenses. On several pages of petitioner's bank statements, she handwrote: "gift for customer" for charges for several dates at various merchants.

Petitioner's evidence, however, does not describe the gifts. See sec. 1.274-5T(b)(5)(iii), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). It does not substantiate the business reason for the gifts or the nature of the business benefit derived or expected to be derived on account of the gifts. See sec. 1.274-5T(b)(5)(iv), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). And it does not substantiate the business relationship to petitioner of the gift recipients. See sec. 1.274-5T(b)(5)(v), (c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46016, 46017 (Nov. 6, 1985) (the taxpayer must record the

occupation or other information relating to the gift recipient including name, title, or other designation sufficient to establish the business relationship).  In addition, without a receipt or other corroborative evidence to substantiate petitioner's claim that she purchased gifts for her customers, the Court does not accept her self-serving statement that her purchases were made for those purposes.  See Urban Redev. Corp. v. Commissioner, supra at 332; Tokarski v. Commissioner, supra at 77; sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra; see also Fed. R. Evid. 801(c), 807.  Accordingly, petitioner is not entitled to a $410.32 deduction for gift expenses.  See Sanford v. Commissioner, supra at 827; Rodriquez v. Commissioner, supra.

### 4.  Cell Phone Expenses

Although petitioner did not claim a deduction on her Form 2106 for cell phone expenses, she now asserts entitlement to a $2,893.44 deduction for cell phone expenses.  On several pages of petitioner's bank statements, she handwrote:  "verizon phone bill", "verizon phone", "verizon pymt", etc. for charges for several dates by "Check", which do not include the payee's name, or "CheckCard * * * Verizon Wireless".  Petitioner also testified that she used her cell phone "Mostly for work" and "Rarely" used it for personal purposes.

Petitioner's evidence, however, does not substantiate the amount of her business use or her total use.  See sec. 1.274-

5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). And it does not substantiate the business purpose of each business use. See sec. 1.274-5T(b)(6)(iii), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). In addition, without a receipt or other corroborative evidence to substantiate petitioner's claim of payments to Verizon for her cell phone use by "Check", the Court does not accept her self-serving statement that the "Checks" were issued for that purpose. See Urban Redev. Corp. v. Commissioner, 294 F.2d at 332; Tokarski v. Commissioner, 87 T.C. at 77; sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra; see also Fed. R. Evid. 801(c), 807. Accordingly, petitioner is not entitled to a $2,893.44 deduction for cell phone expenses. See Sanford v. Commissioner, supra at 827; Rodriguez v. Commissioner, supra; see also Fed. R. Evid. 801(c), 807.

### 5. Supplies Expenses

Although petitioner did not claim a deduction on her Schedule A for supplies expenses, she now asserts entitlement to a $117.96 deduction for supplies expenses. Petitioner's handwritten notations on her bank statements indicate that her supplies consist of: (1) $83.31 for folders, pens, paper, etc. purchased at CVS; and (2) $34.65 for "work-supplies" purchased at Gulf Liquors.

Petitioner, however, did not provide any receipts or testimony to substantiate her deduction for supplies. Without other corroborative evidence, the Court does not accept her self-serving statement that the items were purchased for work purposes. See Urban Redev. Corp. v. Commissioner, 294 F.2d at 332; Tokarski v. Commissioner, 87 T.C. at 77; see also Fed. R. Evid. 801(c), 807. Accordingly, petitioner is not entitled to a $117.96 deduction for supplies expenses.

### 6. Clothing, Shoes, and Dry Cleaning Expenses

Although petitioner did not claim a deduction on her Schedule A for clothing, shoes, and dry cleaning expenses, she now asserts entitlement to a $1,489.50 deduction for clothing, shoes, and dry cleaning expenses. On several pages of her bank statements, she handwrote: "clothes for work", "clothing for work", and "dry cleaning".

Clothing is a deductible expense only if it is required for the taxpayer's employment, is unsuitable for general or personal wear, and is not so worn. See Hynes v. Commissioner, 74 T.C. 1266, 1290 (1980); Yeomans v. Commissioner, 30 T.C. 757, 767 (1958). If the cost of acquiring clothing is deductible, then the cost of maintaining the clothing is also deductible. Fisher v. Commissioner, 23 T.C. 218 (1954), affd. 230 F.2d 79 (7th Cir. 1956).

Petitioner testified that she was sometimes required to wear "logo'd shirts" that her employer provided, but her clothing expenses did not include amounts for "logo'd shirts". Rather, her clothing expenses included amounts for clothing that she purchased for professional-looking apparel and shoes. According to petitioner, she did not "necessarily" wear the purchased clothing outside of work, but "I guess" the purchased clothing could have been worn outside of work. She also testified that her dry cleaning expenses were for "the [purchased] clothing that I wore to work and also for the logo'd shirts".

Petitioner's purchased clothing and shoes consist of items that are suitable for general or personal wear, and she has failed to prove otherwise. The Court therefore finds that the amounts were expended for personal purposes and as such are not deductible. See sec. 262(a) (which generally precludes deductions for personal, living, or family expenses). Similarly, the portion of the dry cleaning expenses for petitioner's purchased clothing was also expended for personal purposes and as such is not deductible. See id.; Fisher v. Commissioner, supra. The Court will, however, allow petitioner a deduction for the dry cleaning of her "logo'd shirts" of $100.96, subject to section

67(a) (relating to the 2-percent floor on miscellaneous itemized deductions).[7]  See <u>Cohan v. Commissioner</u>, 39 F.2d at 544.

7.  <u>Grooming Expenses</u>

Although petitioner did not claim a deduction on her Schedule A for "Upkeep" (grooming expenses), she now asserts entitlement to a $1,774.62 deduction for grooming expenses. Petitioner's grooming expenses relate to amounts she expended on her nails and hair.  Petitioner claims that she is entitled to deduct these amounts because she believes they are "work related" since she had to "have a certain look."

Grooming, however, is an inherently personal expense and amounts expended for grooming are not deductible regardless of whether an employer requires a certain look.  <u>Hynes v.</u>

---

[7]This amount is based on one-half of the following substantiated expenditures:

| Date | Description | Amount |
|------|-------------|--------|
| 1-26 | "SY8 Carriage Clea" | $31.04 |
| 2-03 | "SY8 Carriage Clea" | 33.84 |
| 2-07 | "SY8 Carriage Clea" | 15.54 |
| 2-24 | "SY8 Carriage Clea" | 53.79 |
| 3-24 | "Carriage Cleaners" | 30.55 |
| 4-25 | "Dry-Clean USA" | 37.15 |
| Total | | [1]201.91 |

[1]The Court suspects that the amounts petitioner claims that she paid for dry cleaning expenses at "Marks Café" were not paid for those purposes.  Because petitioner has not proven that the amounts were paid for dry cleaning, the Court will not allow deductions for those amounts.  See <u>Cohan v. Commissioner</u>, 39 F.2d 540, 544 (2d Cir. 1930).

Commissioner, supra at 1292. Accordingly, petitioner is not entitled to a $1,774.62 deduction for grooming expenses.

III. Itemized Deductions

The Court has allowed petitioner a miscellaneous itemized deduction for unreimbursed employee expenses of $122.21. See supra pp. 10, 17-18 and note 7. The $122.21 amount, however, does not exceed the 2-percent floor of section 67(a); thus, petitioner is not entitled to the claimed deduction.[8]

Taking into account the Court's determinations and petitioner's concession, see supra note 1, her remaining itemized deductions are State sales taxes of $479 and charitable contributions of $1,025. The total of $1,504 is less than the $5,000 standard deduction for 2005. See Rev. Proc. 2004-71, sec. 3.10, 2004-2 C.B. 970, 973. The Court assumes that petitioner would want the greater amount and therefore sustains respondent's use of the standard deduction. See sec. 63; George v. Commissioner, T.C. Memo. 2006-121 (taxpayers may either elect the standard deduction or elect to itemize deductions).

Other arguments made by the parties and not discussed herein were considered and rejected as irrelevant, without merit, and/or moot.

---

[8]Petitioners' adjusted gross income for 2005 is $43,866. To exceed the 2-percent floor of sec. 67(a), petitioner's miscellaneous itemized deductions must exceed $877.32.

To reflect the foregoing,

Decision will be entered

under Rule 155.